Billy Joe RACKLEY et ux., Appellants,

v.

MODEL MARKETS, INC., Appellee.

No. 14595.

Court of Civil Appeals of Texas.

San Antonio.

June 7, 1967.

Rehearing Denied June 28, 1967.

William H. Price, San Antonio, for appellants.

Groce, Hebdon, Fahey & Smith, Damon Ball, San Antonio, for appellee.

BARROW, Chief Justice.

Appellants appeal from a take-nothing summary judgment rendered in their suit to recover damages for injuries sustained by Mrs. Rackley when she tripped on a shoe which appellants alleged was negligently on the floor of appellee's store at· 2504 Pleasanton Road, San Antonio, Texas.

Appellants alleged that appellee was negligent in three particulars: (1) in maintaining attractions to draw attention of customers from the floor on which they were walking; (2) in permitting the floor of the aisles to become cluttered with shoes and other articles difficult to see, thereby rendering said floor a hazardous condition; and (3) in failing to keep the floor of the aisles of said store free from shoes and ·other articles which might cause a customer ·to trip.

Appellee's motion for summary judgment is based upon the pleadings of the parties and the deposition of Mrs. Rackley. Appellee asserted that it was entitled to judgment because there was no issue of liability in that there was no evidence that any agent or employee of appellee caused any shoes to be upon the floor, knew that any shoe was there, or that any shoes had been upon the floor long enough for an agent or employee to have discovered same in the exercise of ordinary care. Appellee

further asserted that the presence of any shoes upon the floor was open and obvious and therefore appellee owed no duty to appellants.

The parties agree that the correct rule for determining liability in this type case is that set forth by this Court in H. E. Butt Grocery Co. v. Johnson, Tex.Civ.App., 226 S.W.2d 501, writ ref. n. r. e., wherein it was held that plaintiff must show: (1) that the defendant put the foreign substance upon the floor, or (2) defendant knew that a foreign substance was on the floor and willfully or negligently failed to remove it, or (3) that the foreign substance had been upon the floor for such a period of time that it would have been discovered and removed by the defendant, had the defendant exercised ordinary care. See also, Brookshire Bros., Inc. v. Cherry, Tex.Civ. App., 387 S.W.2d 108, writ ref'd n. r. e.; Todd v. Hill's, Inc., Tex.Civ.App., 383 S.W. 2d 250, writ ref'd n. r. e.

Mrs. Rackley testified by deposition that she went around a corner of the aisle and slipped on a shoe in the aisle. She was looking at the shoes in racks about as tall as she was and never saw any shoes on the floor before she fell, although afterwards she noticed that several were in the aisle. She admitted that she did not know how they got in the aisle or how long they had been there. She testified further that an employee named "Lorene" was nearby and could have seen the shoes, although Mrs. Rackley does not know if Lorene actually saw the shoes before the accident. No facts are contained in the controverting affidavit of Mrs. Rackley other than that she fell on a shoe on the floor of the store.

█ It is seen that there is no evidence in this record as to who placed the shoes on the floor in the aisle or how long same had been there. Obviously, this would be a part of appellants' burden at the trial on the merits, but in this summary judgment proceeding the burden of proof is upon movant, and all doubts as to the existence of a genuine issue as to a material fact are

resolved against it. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.Sup. 1965); In re Price's Estate, 375 S.W.2d 900 (Tex.Sup.1964); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952).

■ Appellee urges that it met the requisite burden as set forth in Gulf, C. & S. F. Ry. Co. v. McBride, 159 Tex. 442, 322 S.W. 2d 492, 500 (1958). It is seen, however, that the rule there enumerated involves the application of an affirmative defense, to-wit, defense of laches to the summary judgment practice. The Court held that where plaintiff demonstrates by evidence that there is no material factual issue upon the elements of his claim, the burden is upon the defendant to come forward with a showing that there is a disputed fact issue upon the affirmative defense. Such a rule has no application in our case, where appellee, as movant, has the burden of proof to establish that appellants have no cause of action against it.

■ In our opinion appellee did not meet this burden by a showing that Mrs. Rackley did not know how the shoes got in the aisle. It made no attempt to show that the shoes were not left in the aisle by one of its agents or employes. Furthermore, an issue of fact is raised as to whether or not appellee's employee, Lorene, should have seen the shoes in the aisle in time to have removed same or warned Mrs. Rackley of their presence. Mrs. Rackley's uncontroverted testimony that Lorene had previously sold her cosmetics at the store raised an inference that Lorene was an employee of the store.

■ It cannot be said that the shoes upon the floor were so open and obvious that Mrs. Rackley was charged, as a matter of law, with knowledge and appreciation thereof so as to entitle appellee to judgment under the "no duty" doctrine. Scott v. Liebman, 404 S.W.2d 288, (Tex.Sup.1966); Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup.1963). In her testimony, she denied any actual knowledge of same prior to her fall. Furthermore, she testified that she did not see the shoes on the floor because her attention was upon those in the racks at eye level. Under the record before us there is no basis for holding, as a matter of law, that Mrs. Rackley should have anticipated that shoes would be on the floor in the aisle.

The judgment of the trial court is reversed and the cause remanded for a trial on the merits.