Earl Wayne **GOODSON** et ux., **Appellants,**

v.

The **SOUTHLAND CORPORATION d/b/a Cabell's Minit Markets, Appellee.**

No. 6066.

Court of Civil Appeals of Texas, El Paso.

Feb. 25, 1970.

On Motion for Rehearing May 6, 1970.

Rehearing Denied May 6, 1970.

Milburn & Hirsch, T. Thomas Hirsch, Odessa, for appellants.

Turpin, Smith, Dyer, Hardie & Harman, Max N. Osborn, Midland, for appellee.

## OPINION

WARD, Justice.

This is a slip and fall debris case where plaintiffs appeal from a take-nothing judgment in favor of a drive-in Minit Market. Trial was to a jury which found that there was an Icee on the floor near the market's entrance, an Icee being a flavored carbonated ice product sold in paper cups; that Mrs. Ophelia Goodson slipped on the Icee; that the Icee had been on the floor for a sufficient period of time for the Minit Market, in the exercise of ordinary care, to have known of its presence; that its failure to remove the Icee was negligence and a proximate cause of the accident; that Mrs. Goodson did not fail to keep a proper lookout; that the condition of the floor where Mrs. Goodson fell was open and obvious; and finally, that she did not know of the condition of the floor, nor of the Icee, on the occasion in question.

The appellants' first three points are that there is no evidence or insufficient evidence, to support the jury's finding that the condition of the floor where Mrs. Goodson fell was open and obvious; and that this finding is against the great weight and preponderance of the evidence. These points, and the assignments of error upon which they are based, are to the effect that Mrs. Turner, the store manager, emphatically testified that she had a clear view of the area where the fall occurred

and that she could not see any Icee on the floor.

First, considering only the evidence and the inferences favorable to the jury finding, and disregarding all the evidence and inferences to the contrary, we have the testimony of Mrs. Goodson, the injured lady, who stated that she did not see the substance before she fell, but that after she fell she observed a brownish substance on the floor, part of which was sticky and part just wet, six inches long and three inches wide; that it was clearly visible; that the lighting was good, and she stated emphatically on at least three separate occasions that if she had looked at the floor before she fell, she could have seen the substance. The no-evidence points are overruled.

Considering all of the evidence in the case on the questioned jury finding, only two people testified to the event—the injured Mrs. Goodson and the store manager, Mrs. Turner, who gave conflicting versions of the event. Other than agreeing on the time of the occurrence, the excellent lighting conditions in the store, and the fact that the appellant fell, their versions are at opposite poles. Mrs. Goodson stated she was wearing tennis shoes; that as she entered the store she was looking at the merchandise at eye level; that she took one or two steps and fell. That when the manager came to her assistance, the manager ran her foot through a substance on the floor and stated it was an Icee, and that children were always spilling it. Mrs. Turner, on the other hand, testified that she had run a dust mop over the area some thirty minutes before the occurrence; that the area was clean; that she had observed it several times and it was clean; that Mrs. Goodson was wearing small shoes with hard soles and heels; that there was nothing on the floor and there was no conversation with respect to any Icee and no explanation as to how Mrs. Goodson had fallen. The court, in its submission of the "open and obvious" issue, submitted the following definition: "By the term 'open and obvious', as used herein, is meant a condition that is in plain sight and clearly perceptible and a condition which would be seen by a person who chose to look." It seems to us that the jury accepted Mrs. Goodson's version of the entire transaction and rejected that of the store manager in its answers to all of the issues submitted, including that of the open and obvious issue in the form it was submitted. Mrs. Goodson entered the store looking in a normal manner at the merchandise and fell on the Icee which she stated was clearly visible and that if she had looked at the floor before she fell, she would have seen the substance. The substance was in plain sight and clearly perceptible and could be seen by a person who chose to look. The insufficient evidence point is overruled.

We wish to emphasize that we are overruling these points as they relate to the manner in which the issue and definition were submitted. The no-evidence point might well apply to the theory of "open and obvious", but we will dispose of it under the next and final point of the appellants. This final point is that the trial court erred in granting judgment for the appellee because the answer is evidentiary and the court should have disregarded the same. We feel that the point must be sustained. The issue on "open and obvious" together with the definition as above quoted is a submission which is condemned as it is in an objective form and here is of no value to a defendant occupier. As defined, it was a condition that is in plain sight and clearly perceptible which could have been seen by a person who chose to look. This does not apply to Mrs. Goodson in a subjective manner:

"However, a condition is not open and obvious unless it is so to the invitee, and unless he fully appreciates the danger. The question of whether a plaintiff knows of the condition and knows of and appreciates the danger is a subjective one, that is, did this particular plaintiff know and did he appreciate the dan-

ger, or the defect must be so obvious as to charge plaintiff with knowledge of it. Greenhill, Assumed Risk, XVI Baylor Law Review 111." El Rancho Restaurants, Inc. v. Garfield, 440 S.W.2d 873 (Tex.Civ.App., San Antonio 1969, wr. ref., n.r.e.).

The following is from Scott v. Liebman, 404 S.W.2d 288 (Tex.1966):

"* * * the occupier owes a duty of ordinary care to his invitees. That duty remains unless it is in some manner discharged or removed.

"Under the principles of assumed risk, the duty owed by an occupier to an invitee may be reduced to zero if the invitee assumes the risk or is held to have assumed the risk * * *

"Stated differently, the cases say that the occupier owes no duty if the invitee has actual knowledge of the condition knowledge of the danger, and appreciation of the danger. Or, if the condition is so patently open and obvious that the plaintiff must have seen it, the Court will charge him with knowledge of the condition. It is sometimes stated that the plaintiff may not close his eyes to obvious conditions".

Therefore, the occupier owes no duty if the invitee has (a), actual knowledge of the condition and (b), knowledge of the danger and (c), appreciation of the danger. This being a purely subjective concept, the issue as submitted in the trial court by the appellee is only evidentiary and does not reach the point of whether Mrs. Goodson had actual knowledge of the condition, knowledge of the danger, and appreciation of the danger. See the discussion in Lieck's Texas Trial Aid (Second Edition), p. 223. The issue as submitted approaches the concept of what Mrs. Goodson, as the plaintiff below, should have known and should have realized, the "should have" issues being only proper under contributory negligence, which would then be followed by issues of proximate cause. Scott v. Liebman, supra.

Again under this same concept, the occupier owes no duty if the invitee has constructive or charged knowledge of the condition and knowledge and appreciation of the danger. Even assuming, for the purposes of argument, that the issue on open and obvious, with its answer, does charge the appellant with knowledge of the condition of the floor, and the condition thus becomes one that "any fool can plainly see" and therefore meets a part of the suggested test of Justice Greenhill, this still does not help the appellee. It is the danger, as well as the condition, which must be open and obvious as a matter of law under this concept. The law question, therefore, is of no help to the appellee as we do not feel that this particular invitee should be charged as a matter of law with knowledge and appreciation of the danger under the circumstances in this case. Thomas v. T. C. Bateson Company, 437 S.W.2d 386 (Tex.Civ.App., Dallas 1969, wr. ref., n.r.e.); Vanlandingham v. First Savings & Loan Ass'n., 410 S.W.2d 218 (Tex. Civ.App., El Paso 1967, wr.ref., n.r.e.). Mrs. Goodson testified that she did not see the substance on the floor before she fell, as her eyes were directed toward the shelves where the merchandise was kept. The substance was certainly much smaller than shoes on the floor, where the San Antonio court refused to charge plaintiff with appreciation of the danger. Rackley v. Model Markets Inc., 417 S.W.2d 89 (Tex.Civ.App.1967, wr.ref., n.r.e.). This is not the type of case that calls for the contrary conclusion reached with a display platform on the floor some six feet long, four feet wide and over four inches high. Medallion Stores, Inc. v. Eidt, 405 S.W.2d 417 (Tex.Civ.App., Texarkana 1966, wr. ref., n.r.e.).

This being a debris on the floor case, the invitee must first show how the substance got there. Therefore, the invitee

must show: (1) that the occupier of the premises put the foreign substance on the floor, or (2) that the occupier of the premises knew that the foreign substance was on the floor and willfully or negligently failed to remove it, or (3) that the foreign substance had been on the floor for such period of time that it would have been discovered and removed by the occupier had the occupier exercised ordinary care. H. E. Butt Grocery Co. v. Johnson, 226 S.W. 2d 501 (Tex.Civ.App., San Antonio 1949, wr.ref., n. r. e.). Here, the appellant went to trial on the third theory, and this brings us to the appellee's cross-points.

The appellee's main contention is that there is no evidence to support the jury's finding that the Icee had been on the floor for a sufficient length of time for the occupier, in the exercise of ordinary care, to have known it was there; it also being the appellee's contention that the testimony of Rhonda Jones (the appellants' witness) as to the melting time of an Icee, was inadmissible. First considering only the evidence and inferences favorable to the jury's finding, we point out that the store manager testified that the store had a dispensing machine and that Icee was a popular item of sale; that, when drawn, the material comes out generally in a standard consistency; that if anything was wrong with the material, a service boy was always called and that he fixed the dials on the machine apparently to a setting for the desired consistency. Apparently the machine operated normally on the night in question. That a lot of Icee was sold by the store; that she knew that children occasionally had dropped Icees in the store and she had cleaned up the spilled material; that the machine was working the night of the accident and she probably sold some that night. The accident happened at 10:00 P.M. Rhonda Jones, the sister of Mrs. Goodson, was with Mrs. Goodson at her home when Mrs. Goodson went to the store; that the night weather was normal for April; it was not cold or extremely hot that day, although she didn't know

what the temperature was; that she had worked with Icee machines for a year and a half at different places; that she estimated she had drawn a hundred Icees a day from the machines; that she had spilled some; that she had wiped or scraped up numerous ones in various conditions; that she knew it would take six minutes for an Icee to melt and would take approximately thirty minutes for one to dry to a sticky substance; that heat or cold could vary the times, but not very much. She freely admitted that temperature would affect the condition as to the period of time it would melt or dry; that the type of floor would affect the time, but she did know that the floor in question was concrete painted green.

The unreasonableness of the length of time a dangerous condition existed without being discovered is a question of fact and is to be determined in view of all of the surrounding circumstances. What amounts to a sufficient time to warrant the owner of a store to be charged with constructive notice depends on the circumstances in each particular case; it involves the nature of the danger, the number of persons likely to be affected by it, the diligence required to discover or prevent it and the foresight which a person of ordinary care would be expected to exercise in the light of the foreseeable consequences of the condition. See Annotation, 61 A.L.R.2d 11. The store owner dispensing Icees in paper cups to children, which are consumed or partially consumed on the premises, would be under a duty to make more frequent inspections of the floor than the proprietor of a dry goods store. Considering the fact that the proprietor had experience with children spilling the substance in the past; that the accident happened a step or two inside the main door; the nature of the product which first melts to a watery substance and then to a sticky substance before it dries; together with the other evidence pointed out above, leads us to overrule this no-evidence cross-point.

■ Considering all of the evidence, we further feel that the jury was justified in arriving at the conclusion that the substance had been on the floor a sufficient length of time to give the proprietor of the store constructive notice of the defect. The insufficient evidence cross-point of the appellee is overruled. S. H. Kress & Co. v. Selph, 250 S.W.2d 883 (Tex.Civ. App., Beaumont 1952, wr.ref., n. r. e.).

■ The appellee's final cross-point contests the admissibility of the evidence of Rhonda Jones regarding the melting time and the sticking time of an Icee. In this situation, it is generally stated that whether the person giving an opinion of this nature possesses the required qualification is a matter to be determined by the trial judge. And in decisions of this kind, the trial judge has a wide discretion not subject to review in the absence of clear abuse. Vol. 2, Texas Law of Evidence, McCormick & Ray, page 235. We feel that with reference to an Icee, the jury did receive appreciable aid from the witness, who did possess a knowledge superior to that possessed by the average juror in the matter. If it were a more common substance such as ice or ice cream, we might have some hesitancy in overruling this cross-point. The main thrust of the argument is that temperature does affect the rapidity of the melting, and the witness did not know the temperature that particular night; but, as shown, she was aware of the general weather condition. We hold, therefore, that the trial court did not abuse its discretion in allowing the testimony. Appellee's final cross-point is overruled.

The judgment of the trial court is therefore reversed, and judgment is here rendered that the appellants recover of and from the appellee the sum of $3,750.00, being the amount the jury awarded in the damage issue, together with interest thereon at the rate of six per cent per annum from the date of the trial court judgment.

ON MOTION FOR REHEARING

The appellee, in its motion for rehearing, forcefully argues that this court was in error in sustaining the appellants' final point —that the finding of "open and obvious" is evidentiary—for the reason that the only objection made by the appellants to the submission of the issue was that there was no evidence, or insufficient evidence, to support the submission of such issue to the jury. No objection was made to the submission of the issue that it was evidentiary.

■ While issues not objected to, but determined to be evidentiary, are sometimes treated as not being issues at all, we feel that the appellee's complaint can be disposed of on a much sounder basis. Not only did the appellee request the "open and obvious" issue, but it went farther and requested and obtained a full submission of the defense of volenti non fit injuria in Special Issues 9, 10 and 11. By the first of these issues, the jury was asked if Mrs. Goodson knew of the existing condition, including the foreign substance known as an Icee, upon the floor of the store. To this issue the jury answered "No". The balance of the volenti issues were submitted conditionally only upon "yes" findings, and therefore were not answered. Under the "no duty" concept, the occupier owes no duty if the invitee has, (a) actual knowledge of the condition, (b) knowledge of the danger, and (c) appreciation of the danger; and there has been a distinct finding that Mrs. Goodson had no actual knowledge of the condition. Without favorable findings to these elements of "no duty", the answer to the "open and obvious" issue avails the appellee no relief.

For this reason, the motion for rehearing is overruled.