**H. E. BUTT GROCERY COMPANY,
a Corporation, Appellant,**

v.

**Aaron H. RUSSELL and wife, Velma H.
Russell, Appellees.**

**No. 4367.**

Court of Civil Appeals of Texas.

Waco.

June 3, 1965.

Rehearing Denied June 17, 1965.

Jones, Boyd, Westbrook & Lovelace, Waco, for appellant.

Dunnam & Dunnam, Waco, for appellees.

WILSON, Justice.

Plaintiff, a customer, recovered judgment for personal injuries in this "slip and fall" case based on jury findings that she slipped on lettuce on the floor of defendant's grocery store; that defendant "knew that food was likely to get on the floor" at any moment during rush hours; and that defendant's failure to inspect the floor in the area "as often as same would have been inspected by a person of ordinary prudence under the same or similar circumstances" was a proximate cause of plaintiff's injuries.

The first 22 of defendant's 73 points present the contentions that there is no evidence it placed the lettuce leaf on the floor, or knew it was there; that there is no evidence the leaf was on the floor for such length of time that defendant could or should have discovered it. There is no such direct evidence; consequently, defendant says there is no showing it failed to exercise ordinary care in inspecting the premises. Plaintiff's answer is that circumstances show the lettuce was on the floor for a sufficient length of time that constructive notice is established.

Defendant's store manager testified he did not instruct any employees to inspect the area where plaintiff testified she slipped between 5:00 P.M. and 6:00 P.M., "a busy time." Plaintiff's fall was near the checkout counter as she started with her purchases to the front door where there was heavy customer traffic, she testified. The piece of lettuce was larger than her hand. Her testimony was that she did not know how long it had been there, but it had dark spots and "had been stepped on by somebody else's heel because it was mashed, you know, bruised on the other side." She did not see it before she stepped on it.

These circumstances did not raise an inference that the lettuce leaf had been on the floor for a sufficient time to impose constructive knowledge of its presence upon defendant. They are equally consistent with an inference the leaf had been dropped and stepped on a few seconds, or at any other arbitrary and unknown period of time before plaintiff slipped. This holding is not inconsistent with that in H. E. Butt Grocery Co. v. Johnson, Tex.Civ.App., 226 S. W.2d 501, writ ref. n.r.e., where a wet place on the floor was "dusty, grimy and muddy."

■ It is settled in Texas that in such a case as this it is incumbent on plaintiff to establish (1) that defendant placed the foreign substance on the floor, or (2) knew it was on the floor and negligently failed to remove it, or (3) that it had been on the floor for such period of time that it would have been discovered and removed by defendant in the exercise of ordinary care. Great Atlantic & Pacific Tea Company v. Giles, Tex.Civ.App., 354 S.W.2d 410, 412, writ. ref. n.r.e.; Sherwood v. Medical & Surgical Group, Tex.Civ.App., 334 S.W.2d 520, 521, writ. ref.; and cases cited.

■ In seeking to predicate recovery on the jury finding concerning failure to inspect, plaintiff is relegated in this case to the third basis enumerated above. It is recognized that the duty of the occupier of premises to business invitees includes the duty to protect the invitees from dangers of which the occupier should know in the exercise of ordinary care, growing out of the latter's duty to inspect. Halepeska v. Callihan Interests, Inc., Tex.Sup., 371 S.W.2d 368, 378; Genell, Inc., v. Flynn, 163 Tex. 632, 358 S.W.2d 543, 546.

■ An indispensable element of the third ground above, however, is that the substance had been on the floor for such period of time that ordinary care in making an inspection would have resulted in its discovery. As held in R. E. Cox Dry Goods Co. v. Kellog, Tex.Civ.App., 145 S.W.2d 675, 677, writ ref., it must be determined whether the object creating the dangerous situation had been on the floor "long enough that, by the exercise of ordinary care," the defendant "should have discovered and removed" it. The rule is summarized in 61 A.L.R.2d 64: "Absent proof that the proprietor had notice of the dangerous floor condition, no liability attaches to the proprietor's failure to inspect the premises, unless the condition existed for such a length of time as to afford him an opportunity to inspect."

■ In the absence of evidence of probative force as to this time factor, there is no basis for imposing liability. It is not necessary to pass on appellant's other points.

Reversed and rendered.