Helen SCOTT et vir., Appellants,

v.

T. G. & Y. STORES, Appellee.

No. 150.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Oct. 16, 1968.

Rehearing Denied Nov. 13, 1968.

Robert A. Cattanach, Houston, for appellants.

Paul E. Stallings, Thos. B. Weatherly, Vinson, Elkins, Weems & Searls, Houston, for appellee.

TUNKS, Chief Justice.

Mr. and Mrs. Robert Scott, Jr., plaintiffs in the trial court and appellants here, alleged that Mrs. Scott sustained personal injuries when she slipped and fell in defendant's store on May 24, 1967, as a result of the negligence of the defendant, T. G. & Y. Stores, appellee here. The defendant's answer was a general denial, general plea of contributory negligence and unavoidable accident. After the depositions of Mrs. Scott and a Mrs. Harrison, an employee of the defendant, were taken the defendant made motion for summary judgment which the trial court granted. From that judgment an appeal has been perfected.

The only evidence before the trial court in the hearing on the motion for summary judgment was the testimony in the two depositions. The plaintiff, Mrs. Scott, testified that she was in the defendant's variety store as an invitee, a customer. The floor of the store was some sort of tile. While Mrs. Scott was in the aisle of the toy section of the store, she stepped in a small puddle of liquid on the floor which caused her to slip and fall to the floor, injuring her. She did not see the puddle before stepping in it because she was looking at the toys on display. There is no evidence that anyone saw her fall or was in the vicinity of her fall at the time. The lighting in the store was adequate and there is no evidence that any other dangerous condition than the puddle on the tile floor caused the fall. Apparently the fall occurred about 2:00 o'clock p. m.

Mrs. Harrison testified that she was the assistant manager of the defendant store and was in charge at the time, the manager being absent. Two other lady employees were on duty at the time. Each employee was assigned a particular section of the store to attend, but that assignment was flexible so that any employee might work at any section. Neither Mrs. Harrison nor either of the other two employees then on duty was assigned to the toy counter—"The person that had that counter wasn't working right at the time." No employee then on duty had the specific duty of keeping the floor cleaned up, but all of the employees were "all over the store" and would clean up anything on the floor that shouldn't be there.

Mrs. Harrison and another employee were at the opposite side of the store arranging a display of merchandise when Mrs. Scott fell. The third employee was at the check-out counter at the front of the store. Mrs. Harrison and the other employees working with her on the display had been working on it since lunch time. There is no evidence as to the last time that any of the employees had been in the vicinity of the toy section of the store before the fall. Mrs. Harrison could not say that she had been there in an hour, or even a longer period, of the time that Mrs. Scott fell. There is no evidence as to how the puddle got on the floor or how long it had been there. There is no evidence as to whether one of the employees of the store, other than Mrs. Harrison, did or did not spill the liquid on the floor. The weather was dry and there was no water standing at the entry of the store that could have been tracked in. There were no potted plants in the vicinity of the fall that required watering.

▆▆▆ The owner of the premises owes to his invitees the duty to exercise ordinary care in keeping the premises reasonably safe for occupancy and use by the invitee. Those claims commonly called "slip and fall" cases usually involve an alleged breach of this duty by the owner of premises. In those cases the invitee plaintiff who has slipped and fallen must, to recover from the owner, sustain the burden of proving a breach of that duty. It has been

held that in order to discharge that burden of proving negligence in such a case the plaintiff must show as to the dangerous condition that caused the fall: (1) that the owner negligently put the foreign substance on the floor, or (2) that the owner knew that the foreign substance was on the floor and negligently failed to remove it, or (3) that the substance had been on the floor for such a length of time and under such circumstances that it would have been discovered and removed by the owner in the exercise of ordinary care. Rackley v. Model Markets, Inc., Tex.Civ.App., 417 S. W.2d 89, ref., n. r. e.; H. E. Butt Grocery Co. v. Russell, Tex.Civ.App., 391 S. W.2d 571, ref., n. r. e.; H. E. Butt Grocery Co. v. Johnson, Tex.Civ.App., 226 S. W.2d 501, ref., n. r. e.

■ Thus the evidence in the record does not discharge the plaintiff's burden of showing negligence on the part of the defendant. But that burden is one that the plaintiffs must discharge when the case is regularly tried on its merits. Such a trial has not yet occurred, so plaintiffs have not yet been put to that burden. The appeal from judgment was a summary judgment rendered pursuant to defendant's motion. The absence of evidence establishing the defendant's liability does not constitute the existence of evidence negativing liability. In order to be entitled to summary judgment pursuant to this motion the defendant had the negative burden of showing that plaintiffs had no cause of action against it. Kelty v. Travelers Ins. Co., Tex.Civ.App., 391 S.W.2d 558, ref., n. r. e.; McGee v. Phillips Petroleum Co., Tex.Civ.App., 373 S.W.2d 773, ref., n. r. e.; Seale v. Muse, Tex.Civ.App., 352 S.W.2d 534, ref., n. r. e. That is to say, in this case, before it would be entitled to summary judgment on its motion, the defendant has the burden of showing that its employees did *not* put the liquid on the floor, that its employees did *not* know that the substance was on the floor and that the substance had *not* been on the floor for such a length of time and under such circumstances that a person of

ordinary prudence in the exercise of ordinary care would have discovered and removed it. It is doubtful that the evidence here presented in support of the motion for summary judgment conclusively excluded any of the three alternative routes that the plaintiffs could have followed in raising a fact question as to the negligence of the defendant. Certainly that evidence did not exclude the third of the alternatives because there is not any suggestion as to the period of time that the liquid had been on the floor. In a similar situation the granting of the defendant's motion for summary judgment was held to be error in Rackley v. Model Markets, Inc., supra.

We are of the opinion that the defendant has not sustained the burden imposed upon it in order to be entitled to a summary judgment and that the trial court erred in granting its motion.

The judgment of the trial court is reversed and remanded.

BARRON, Justice (dissenting).

I respectfully dissent.

I am fully aware of the burden of proof assumed by appellee on motion for summary judgment, and that all doubts as to the existence of a genuine issue as to a material fact are resolved against the movant. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.Sup.).

In this case, however, the appellants-plaintiffs offered the depositions of Mrs. Scott, the plaintiff, and Mrs. Harrison, the store manager. Mrs. Scott could testify to nothing in her depositions as to the length of time the water (or urine) had been on the floor, who put it there, or appellee's knowledge that the water was on the floor. On the other hand, Mrs. Harrison, the store manager, clearly and positively denied any knowledge of the water's presence or who placed it there, though she was in a position to know the true facts. Mrs. Harrison also testified that she and the other

two ladies who were working in the store at the time were "all over the store, and if we saw anything that was on the floor that shouldn't have been there, we clean that up." Mrs. Harrison's testimony was definite, and there is nothing to show that she was evasive or that she attempted to withhold facts. I believe that Mrs. Harrison's and Mrs. Scott's testimony was sufficient to warrant summary judgment by the trial court.

Though appellants had ample opportunity to offer testimony which might have raised material issues of fact, nothing appears in the record which might or could, within reason, create such issues.

On the other hand, appellants attempt to create issues of fact by reason of other occurrences, known to appellee, when children in the toy department had wet the floor. If any of the independent occurrences were admissible in evidence, it cannot be inferred that appellee's employees were thereby placed on notice of this particular water on the floor, or that it was through fault of the appellee or its employees that the water on which Mrs. Scott stepped was on the floor. See O'Neal v. J. Weingarten, Inc., 328 S.W.2d 793 (Tex.Civ. App.), writ ref., n. r. e.; H. E. Butt Grocery Co. v. Russell, 391 S.W.2d 571 (Tex. Civ.App.), writ ref., n. r. e.

I recognize that the question here is close in view of the burden of proof assumed by appellee, the movant. Further, I am familiar with the reluctance of courts generally to render and affirm summary judgments in negligence actions. But I believe the only inferences establish that the water had been on the floor only a short period of time, in view of the fact that three employees were working all over the store; that appellee's employees had no knowledge of the water's presence; and that appellee's employees did not put it there.

Moreover, appellants' points of error state generally that the proof did not support the allegations contained in appellee's motion for summary judgment, and that fact issues were raised showing the various elements of proof. There are no fact issues raised, and the first point above is too general.

I see no reason for a futile reversal of this case for another trial on the record before us, and I would consequently affirm the judgment of the trial court. Appellee's proof of no liability is as definite and clear as is possible under the circumstances.