Ross Edward **HARRINGTON** et al.,
Petitioners,

v.

**YOUNG MEN'S CHRISTIAN ASSOCIA-
TION OF HOUSTON AND HARRIS
COUNTY, Texas, Respondent.**

No. B–1594.

Supreme Court of Texas.

March 11, 1970.

Rehearing Denied April 29, 1970.

Ralph Abercia, Mabel Grey Howell, Houston, for petitioner.

Sears & Burns, Will Sears and David F. Beale, Houston, for respondent.

GREENHILL, Justice.

This action was brought by the Y.M.C.A. for a declaratory judgment that its proposed building upon, and use of, a large lot in Post Oak Estates, a restricted subdivision in Houston, would not violate any of the terms of the restrictions of the subdivision. Named as defendants were Ross Edward Harrington and others who were designated as representatives of the opposing class of land owners in the subdivision. It was the basic contention of the defendants that the Y.M.C.A. would violate the main re-

striction of the subdivision which they alleged to be that the property could be used for residential purposes only.[1]

The Y.M.C.A. moved for a summary judgment, and the trial court granted it. The Court of Civil Appeals affirmed. 440 S.W.2d 354. We reverse.

■ The Y.M.C.A. did not establish as a matter of law that the anticipated building upon, or use of, the land in question would not violate the restrictions. This Court has recently held that a summary judgment should be granted, and if granted should be affirmed, *only* if the summary judgment record establishes a right thereto as a matter of law. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970); Prestegord v. Glenn, 441 S.W.2d 185 (Tex. Sup.1969); Rule 166–A(c), Texas Rules of Civil Procedure.

The summary judgment proof offered by the Y.M.C.A. consisted of (1) the deed restrictions, (2) various deeds to land in the subdivision, including the deed to the Y.M.C.A., showing that the land was subject to the restrictions, (3) a resolution of the board of directors of the Y.M.C.A. stating, in effect, that it did not intend to violate any restrictions, and (4) an affidavit by the director of this Y.M.C.A.

The restrictive covenants are set out in the appendix to this opinion. They provide, as here relevant, that no business house, sanitarium, hospital, saloon, place of public amusement or entertainment, apartment house, rooming house, boarding house, or place of business of any kind "shall be constructed, built, kept or maintained on any tract in the subdivision nor shall any house on the premises be used for any such purpose, but shall be used for residence purposes only." No more than two homes could be constructed on any tract, and the minimum value of a "residence or main building" was fixed. No garage apart-

ments were permitted except at the rear of the property. No liquor could be sold on any tract. No residence should be constructed closer than 35 feet from the front line, or closer than 25 feet of the side line of the property, and these limitations applied to porches, steps, et cetera where there was a roof covering. All garages, barns, servants' houses and similar buildings should be constructed in the rear of the residence except where they were a part of the main residence. Then there was a prohibition against nuisances, advertising signs, open toilets, and the keeping of swine in the subdivision.

The board of directors of the Y.M.C.A., shortly after the filing of this suit, passed a resolution stating that it "does not intend to violate any of the validly existing restrictions imposed" on the lots; that it shall not construct any of the prohibited buildings [such as a sanitarium, hospital, saloon, place of public amusement, apartment house, rooming house or place of business of any kind], and that the property shall be used "only to promote the religious, educational and physical development of boys, young men, and families, generally; * * *" and that it desired to develop such tract of land to promote such purposes through a neighborhood association called the West Family Branch Y.M.C.A. The resolution is attached to the affidavit of Joe Robertson, the director of the Y.M. C.A.

The Robertson affidavit stated that he knew almost all of the owners in the subdivision including those who opposed the new construction; that "I know which of such owners oppose the construction by the Y.M.C.A. of facilities to promote the religious, educational and physical development of boys, young men and families"; that the Y.M.C.A. "had had its property in Post Oak Estates subdivision graded, and intends to construct on its property a building or buildings to promote its pur-

1. Other parties intervened on the side of the Y. M. C. A. They contended that the restrictions had been abandoned and waived. A severance was entered as to them and their contentions, and such matters are not before us.

pose as set out above [religious, educational and physical development of boys, young men, and families], and in the certified copy of the resolution of the Board of Directors of the Y.M.C.A. which is attached to this affidavit."

There are no plans or drawings of any proposed building or buildings in this summary judgment record to show what uses or purposes would be made of the property.[2] There is no summary judgment proof as to who is to occupy the building or buildings or under what conditions. There is no showing that, for example, the Y.M.C.A. will so restrict its membership, or the use of its property, that its facilities will not be used as a place of public amusement or entertainment. Except for the general statement in the resolution of the board of directors that the Y.M.C.A. does not intend to violate any of the restrictions, and the general conclusion in the resolution and in the affidavit of Mr. Robertson, its director, that the property would be used to promote the religious, educational and physical development of boys, young men, and families, there is no showing as to what the actual use of the property would be.

■ In summary judgment proceedings such as this, the burden is not on those opposing the Y.M.C.A. to come forward with proof that the Y.M.C.A. *will* violate any of the restrictions and that there are issues of fact as to how the property will be used. It is the Y.M.C.A.'s burden, as movant, to show that its buildings and its uses of the property, will not, as a matter of law, violate any of the valid restrictions. The unsworn resolution of the *intentions* of its board, however good and well intended, do not furnish this summary judgment proof. And the affidavit of the

director, obviously an interested witness, also states only general conclusions as far as the restrictions are concerned.

■ As movant for summary judgment, the Y.M.C.A. did not come forward with the summary judgment proof that "there is no genuine issue as to any material fact and that the moving party [the Y.M.C.A.] is entitled to a judgment as a matter of law." Rule 166–A(c), supra. The trial court therefore erred in granting the summary judgment, and the Court of Civil Appeals erred in affirming such judgment.

The judgments of the courts below are reversed, and the cause is remanded to the district court.

APPENDIX.

Deed Restrictions

"(1) No business house, sanitarium, hospital, saloon, place of public amusement or entertainment, livery stable, factory, warehouse, apartment house, rooming house, boarding house, or place of business of any kind, shall be constructed, built, kept or maintained on any tract in the subdivision nor shall any house on the premises be used for any such purpose, but shall be used for residence purposes only. The mention of rooming house or boarding house does not prohibit the renting out of one room, but is intended only to prevent the running of a regular rooming or boarding house.

"(2) Not more than two homes can be constructed on any lot or tract according to the plat of said subdivision and for that purpose the lots shall be divided into substantially equal parts. The minimum value of any residence or main building that may be constructed on any tract in the subdivi-

---

2. The motion for summary judgment "came on to be heard" on September 16, 1968. The summary judgment was signed on October 10. After the judgment had been signed and entered, a problem then arose as to the amount of the supersedeas bond. Some oral testimony was taken on October 25; and some drawings were introduced on that hearing showing a proposed building, the football and baseball fields, tennis courts, outdoor swimming pool, and a large parking lot. The Court of Civil Appeals did not consider any of this; and as we understand the briefs, both parties agree that the above is not part of the summary judgment record.

sion shall be $4000.00 as to the tracts next to Park Drive in said subdivision and on all other tracts such value shall be not less than $3000.00; all such buildings shall face Augusta Drive except that the improvements on the tracts next to Westheimer Road may face Westheimer Road, and those improvements on Park Drive may face Park Drive; provided, however, that the improvements on said tracts facing Westheimer Road and Park Drive shall not be erected closer than 25 feet to the adjoining property line.

"(3) No garage apartments shall be constructed, except at the rear of the property.

"(4) [Not relevant here]

"(5) No spirituous, vinous or malt liquors, or medicated bitters capable of producing intoxication shall ever be sold or offered for sale, on any tract in the subdivision, or any part thereof.

"(6) No residence shall be constructed on any tract in the subdivision closer to the nearest point on the front property line of said premises than thirty-five (35) feet, or closer to the nearest point on either side property line of same than twenty-five (25) feet.

"(7) These restrictions establishing building lines apply to galleries, porches, porte cocheres, steps, projections and every other permanent part of the improvements where there is a roof or other covering.

"(8) No nuisance, advertising sign, billboard, or other advertising device shall be erected, placed on or suffered to remain upon any tract in the subdivision except with the written consent of the undersigned.

"(9) All garages, barns, servants' houses, and other such buildings shall be constructed (except where built as a part of and connected to the main residence) in the rear of the residence.

"(10) No swine may be kept or raised on any tract in the subdivision.

"(11) No open or surface toilets may be maintained on any tract in the subdivision."