**Hattie WAMPLER, Appellant,**

**v.**

**BILL SEARS SUPER MARKETS, Appellee.**

**No. 6081.**

Court of Civil Appeals of Texas,
El Paso.

March 18, 1970.

Rehearing Denied April 8, 1970.

Warren Burnett, Richard J. Clarkson, Odessa, for appellant.

Shafer, Gilliland, Davis, Bunton & Mc-Collum, James M. O'Leary, Odessa, for appellee.

## OPINION

FRASER, Chief Justice.

This is a "slip and fall" case brought by appellant, Hattie Wampler, against appellee, Bill Sears Super Markets, in the District Court of Ector County, Texas. Appellee filed a motion for summary judgment which was granted by the trial court, and appellant brings this appeal.

The evidence before the court consisted of oral depositions by the appellant, Mrs. Wampler, and her grandson, Freddie Ray Stingley, and the affidavit of John William Arthur, appellee's store manager.

According to Mrs. Wampler's deposition, on or about August 5, 1968, she went to appellee's grocery store in Odessa, Texas between the hours of ten and eleven A.M. in order to purchase groceries. She was accompanied by her grandson, Freddie Ray Stingley. While walking in the store a short time after she arrived, she fell, or was caused to fall, by what looked like a peach hull. It was not a whole peach, but the peeling of the skin of a peach and possibly a part of the pit. It was located near the front of the store, in front of the wafer counter, but not in front or near the fruit stand. She maintains she did not see the peach hull before she fell, and further states that after she fell, she noticed that the peach hull appeared to be dirty and squashed, and part of the peeling appeared to be a little dry or to have started drying out. She didn't know how long the peach hull had been on the floor or who put it there, nor did she know if the peach hull started to dry before or after it was on the floor nor how long it would take this peach hull to dry out. The deposition testimony of her grandson, Freddie Ray Stingley, does not differ materially from hers.

John William Arthur, manager of the grocery store involved, in his affidavit agrees that the object on the floor was part of a peach. He outlined the cleaning, sweeping and floor inspection procedures used in the store and stated in said affidavit, without contradiction, that he had been down the aisle where the accident occurred less than five minutes before Mrs. Wampler fell, and did not see the piece of peach or any other foreign substance in the area at that time. Mr. Arthur stated that he had no knowledge as to how the peach got on the floor, and further stated that there were other customers in the store at and prior to the time of the fall, as well as other employees.

We are confronted, therefore, with the above state of the record which reveals that appellant produced no evidence as to how the peach hull got on the floor or how long it had been there, but merely stated that she fell or slipped on it and then examined it, and it seemed somewhat wilted and dry. She does not have any other evidence, and the store manager's affidavit that he passed the identical spot where she fell five minutes or less before she fell, and saw nothing on the floor, stands uncontradicted. On this basis, the court granted a summary judgment in favor of the defendant-appellee.

■ It has been held that where the uncontradicted testimony of an interested witness, such as the defendant, is clear, direct and positive, and there are no circumstances in evidence tending to discredit or impeach such testimony, conclusive effect may be given thereto, and a summary judgment properly granted. McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722 (Comm.App., opinion adopted, 1943); Great American R. Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41 (Tex. Sup.1965); Lotspeich v. Chance Vought Aircraft, 369 S.W.2d 705 (Civ.App.1963, ref. n. r. e.); Cox v. Medical Center National Bank, 424 S.W.2d 954 (Civ.App. 1968, n. w. h.).

■ When the moving party to a summary judgment has established facts by extrinsic evidence, the burden of going forward shifts to the opposing party, who is obligated then to show opposing evidentiary data which will raise an issue as to a material fact, or he must justify his inability to do so and seek appropriate relief. Allen v. Western Alliance Insurance Company, 162 Tex. 572, 349 S.W.2d 590 (1961); Gulf, Colo. & Santa Fe Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958); Schull v. Lower Neches Valley Authority, 416 S.W.2d 505 (Civ.App.1967, ref. n. r. e.); Harbison v. Jeffreys, 353 S.W.2d 65 (Civ.App.1961, n. w. h.); Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948.

■ However, it has been held that there exists a difference where the case is tried on its merits or where it has been disposed of by summary judgment. In the case before us, the trial on the merits has not occurred and, according to the language of Scott v. T. G. & Y. Stores, 433 S.W.2d 790 (Civ.App., Houston 1968, wr. ref. n. r. e.), the absence of evidence establishing the defendant's liability does not constitute the existence of evidence negativing liability. In that case the court states that in order to be entitled to summary judgment pursuant to motion, the defendant has the negative burden of showing that plaintiffs had no cause of action against it; as, for example, before it could be entitled to summary judgment on its motion, the defendant had the burden of showing that its employees did not put the liquid on the floor; that its employees did not know that the substance was on the floor; and that the substance had not been on the floor for such a length of time and under such circumstances that a person of ordinary prudence in the exercise of ordinary care would have discovered and removed it. In the case before us, we do not have an affirmative exclusion of all of the three alternatives; merely a negative affidavit by the store manager, alone, that he knew nothing about the peach until after Mrs. Wampler's fall. It is apparent that the facts in the Scott case and the case before us are similar, and that a similar decision should be reached.

This question is further illustrated by the language of Chief Justice Calvert, of the Texas Supreme Court, in the case of Gibbs et al. v. General Motors Corporation, 450 S.W.2d 827. Here, Justice Calvert makes it very clear that the summary judgment proof must establish, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action.

We realize that our discussion is contrary to the holding in Houtchens v. Kyle's Grocery Corporation, 390 S.W.2d 325 (Civ. App., 1965, ref. n. r. e.), but we believe the Scott case and the Gibbs case, being later cases, are more articulate and control the situation confronting us. In the present case, all appellee did was to file an affidavit of the store manager detailing the method of cleaning the floor and asserting that he had not seen anything on this particular spot where Mrs. Wampler fell within five minutes or less before she fell. It is therefore obvious that there is no proof that no other store employee put the peach object on the floor. This, we believe, comes under the holding of the Scott case wherein the court said that the defendant had the burden of showing that its employee did not put the liquid on the floor; did not know that the substance was on the floor; and that the substance had not been on the floor for such a length of time and under such circumstances that a person of ordinary prudence, in the exercise of ordinary care, would have discovered and removed it. We feel constrained to follow the language and holding in the Scott case and in the Gibbs case. These cases point up the difference between trying to recover a judgment on a trial by the merits or by a summary judgment. They are two different fields of proof and

there are two different fields of requirements.

Under the circumstances, therefore, we feel that the trial court was incorrect in its judgment.

Appellant's points are sustained and the judgment of the trial court is reversed and the cause remanded.