Mrs. Fermina **SOTO** et vir, Appellants,

v.

**BIEL GROCERY COMPANY, Inc.,**
Appellee.

No. 563.

Court of Civil Appeals of Texas,
Corpus Christi.

Dec. 30, 1970.

Rehearing Denied Jan. 21, 1971.

**90**

Philip A. Schraub, Corpus Christi, for appellants.

Dyer, Redford, Burnett, Wray, Woolsey & Dunham, George G. Brin, Corpus Christi, for appellee.

## OPINION

NYE, Justice.

Mrs. Fermina Soto, joined by her husband, brought this suit to recover damages for the personal injuries she received when she slipped and fell in a self service supermarket food store. The defendant grocery company filed a motion for summary judgment based upon the contention that under the pleadings, affidavits and depositions on file there was no dispute as to any material fact. Therefore, they argued that they were entitled to a judgment as a matter of law. The trial court in response to their motion granted the summary judgment. Mr. and Mrs. Soto have perfected their appeal to this Court.

The deposition testimony of Mrs. Soto, a friend of hers, Juanita Adame, and the store employee Bartolo Pena, reveals that on the morning of the date of the accident in question, Mrs. Soto accompanied by Mrs. Adame, went to the defendant's grocery store arriving about eleven in the morning. Mrs. Soto first went to the meat market, pushing a grocery basket in front of her. She stopped and made a purchase of ground meat. From this point she went over to the vegetable and produce counter where she chose some vegetables, a watermelon and some celery. She then went on to where the cantaloupes were. She picked up two of them and placed them on the scales. She then picked up another and was in the process of placing it on the scales when she slipped and fell, severely injuring herself.

The appellants claim, in seven points of error, that there were genuine issues of material facts; that after considering all the reasonable inferences favorable to the appellants from the pleadings, affidavits and depositions, the evidence showed that the appellee failed to meet its duty to furnish Mrs. Soto with a reasonably safe place to walk; that the defendant failed to warn her of the substance on the floor; and that the trial court erred in entering the summary judgment convicting her of contributory negligence as a matter of law.

Where a trial court has granted a summary judgment, the appellate court must determine whether the summary judgment record establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of plaintiff's cause of action. The question is: Does the summary judgment proof establish as a matter of law that there is no genuine issue of fact? Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970); Harrington v. Young Men's Christian Ass'n of Houston, 452 S. W.2d 423 (Tex.Sup.1970). The appellee admits that the burden of proof is upon it, and that all doubts as to the existence of a genuine issue as to a matter of fact is to be resolved against it. The other rules regarding summary judgment law relative to the evidence received, require the appellate court to view such evidence in the light most favorable to the party opposing the motion. All conflicts in the evidence are to be disregarded. The evidence which tends to support the position of the party opposing the motion is accepted as true. It is also the rule, that evidence which favors the movant's position is not to be consid-

ered unless it is uncontradicted. Even if it is uncontradicted, and if it comes from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in the evidence which tend to discredit or impeach the testimony. Gibbs v. General Motors Corporation, supra; Harrington v. Young Men's Christian Ass'n of Houston, supra; Broussard v. Moon, 431 S.W.2d 534 (Tex. Sup.1968); Gracey v. West, 422 S.W.2d 913 (Tex.Sup.1968); Travis County Water Control & Imp. Dist. No. 12 v. McMillen, 414 S.W.2d 450 (Tex.Sup.1966) and Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex.Sup.1965). With these guidelines, we consider the summary judgment evidence.

Mrs. Adame was walking along with Mrs. Soto at the time that she fell. She testified that there were no other people in the area of the vegetable department other than Mrs. Soto, a grocery employee and herself. She stated that at the moment when Mrs. Soto was getting the last cantaloupe, she was looking at the vegetables on the counter when she slipped and fell. Mrs. Adame tried to hold her but was unable to.

The evidence was that Mr. Pena, an employee of the grocery company, was close to the vegetable counter cleaning vegetables. He was throwing particles of vegetables toward a basket. After Mrs. Soto fell she looked at the bottom of her shoe and found a "green beanlike" substance that was slippery and smashed. As she fell, she stuck her fingers into the cantaloupe she was holding. She took the cantaloupe and the green vegetable substance to Mr. Pena, showing him the object that caused her fall. She noticed other small pieces of leaves or substance which were also on the floor. She had not noticed anything on the floor prior to her fall. She stated that she was looking at the vegetable displays and apparently was detracted, momentarily at least, from looking at the floor immedi-

ately prior to her fall, by the weighing of the cantaloupe on the grocery company scales. She testified further that Mr. Pena was standing next to the cabbage display while he was cleaning the vegetables. He had a box or basket near him containing the trash that he was throwing the substance into. This was located next to where the cantaloupes were. She testified that he was facing toward the wall but would turn around to throw what he was placing into the box. Mrs. Soto testified that she had to walk around the basket or box where he was putting the trash in to get to the scales. Other testimony was that the object on which Mrs. Soto slipped, could have been on the floor a long time, because it was smashed, slippery and old looking.

Mrs. Adame could not recall the type of vegetable that Mrs. Soto slipped on, but she did remember that it was green in color. She stated that she did not see it on the floor, but that when Mrs. Soto had it on her hand showing it to her it seemed to her like a piece of vegetable that had become old.

Mr. Bartolo Pena, the store employee, stated that his job was doing everything— sometimes cleaning, sweeping, sometimes cleaning the vegetables. He had worked for the grocery company about 12 years. He denied that he was working at the location placed by Mrs. Soto, but insisted that he was working at the frozen food counter across the aisle from the scales. He denied that he was trimming vegetables or that he had a basket or box with produce trimmings in it. Mr. Olivarez, the produce department manager, testified that it was everyone's job to clean up; that at certain times during the day one of the employees would re-arrange the produce. He testified that all of the employees had the job of sweeping the aisle by the produce counter and it was even his job whenever he saw that there was a need to sweep it.

There was no evidence that the vegetable which caused the injury was placed

there by Mrs. Soto. There is evidence on the other hand, from the circumstances of the testimony, that Mr. Pena threw or dropped the vegetable substance on the floor. We must accept this evidence and ignore the contrary evidence of appellee's employee. If the vegetable was not thrown or dropped on the floor by Mr. Pena, the fact that the vegetable was on the floor at close proximity to where Pena was working, raises an issue of fact that it had been there a sufficient length of time for him to have discovered it, if he had been exercising with reasonable care, the duties of his job. It was undisputed that Pena had been in the area in question for sometime. There is a fact issue that he had the opportunity to inspect, see and discover the vegetable pieces on the floor. There were no other immediate customers or other persons within the area around the produce counter who could have dropped the substance on the floor causing the accident. The lack of customer activity at the produce counter for another thing, points up circumstantially at least, that Pena's vegetable cleaning activity accounted for the pieces on the floor.

■■ The owner and occupier of premises that are open to the public, owes a duty to its patrons and business invitees. Although the occupier of the land or premises is not held by the law to be an insurer of the safety of invitee, he is required to keep his land or premises in reasonably safe condition for the invitee. Great Atlantic & Pacific Tea Company v. Giles, 354 S.W.2d 410 (Tex.Civ.App.-Dallas 1962, err. ref. n. r. e.). The duty has been defined as being an obligation to provide and maintain the premises in a reasonably safe condition for use. J. Weingarten, Inc. v. Razey, 426 S.W.2d 538 (Tex.Sup.1968). An invitee who seeks to recover for injuries sustained on the defendant's premises must show that his injuries were sustained in connection with a condition on the premises which constituted an unreasonable risk or harm. Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup.1963). The

appellants recognize that the injuries that were sustained by Mrs. Soto on the defendant's premises as a result of a condition, do not by themselves establish a breach of any duty that was owed by the occupier to the invitee. In order to hold a store operator liable for injuries sustained by a business invitee by reason of a dangerous condition of the premises, the store owner (1) must have put the foreign substance on the floor or (2) knew (or should have known because of his duty to inspect) that the foreign substance was on the floor, and he wilfully or negligently failed to remove it, or (3) that the foreign substance had been on the floor for such a period of time that it would have been discovered and removed by the store owner had the store owner exercised ordinary care. Halepeska v. Callihan Interests, Inc., supra; Strakos v. Gehring, 360 S.W.2d 787 (Tex.Sup.1962); Harvey v. Seale, 362 S.W.2d 310 (Tex.Sup.1962). The appellants are entitled to have the benefit of every reasonable inference which can properly be drawn from the evidence. Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233 (1956).

■ Applying these standards to the evidence presented, we hold that there were material fact issues. From such fact issues, inferences may properly be drawn, which could support a finding by a jury that: (1) the vegetable piece was dropped or placed on the floor by the grocery store employee, Mr. Pena or (2) that Mr. Pena knew that it was there and negligently failed to remove it or (3) that it should have been discovered and removed by Mr. Pena in the exercise of ordinary care. Rackley v. Model Markets, Inc., 417 S.W.2d 89 (Tex.Civ.App.-San Antonio 1967, n. r. e.); Scott v. T. G. & Y. Stores, 433 S.W.2d 790 (Tex.Civ.App.-Houston 14th, 1968, n. r. e.); Wampler v. Bill Sears Super Markets, 452 S.W.2d 526 (Tex.Civ. App.-El Paso 1970, n. r. e.).

Next, we move to the question of whether Mrs. Soto was guilty of contributory

negligence as a matter of law in failing to keep the proper lookout for her own safety on the occasion in question. Proper lookout is ordinarily a question of fact to be determined by a court or a jury. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958).

The Supreme Court in Texas & Pac. Ry. Co. v. Day, 145 Tex. 277, 197 S.W.2d 332 (Tex.Sup.1946) said: "Contributory negligence barring a recovery as a matter of law is a conclusion sometimes compelled by the evidence, but such cases are relatively rare. Ordinarily this question is for the trier of facts and only becomes a matter of law for the court when but one reasonable conclusion can be drawn from all the testimony. * * *"

The Supreme Court in Blanks v. Southland Hotel, Inc., 149 Tex. 139, 229 S.W.2d 357 (Tex.Sup.1950) quoting from another of its opinions said in part: " 'It is elementary that the question of contributory negligence is generally, by reason of the very nature of the defense, one of fact for the jury to decide. * * * In order that an act shall be deemed negligent per se, * * * it must appear so opposed to the dictates of common prudence that we can say, without hesitation or doubt, that no careful person would have committed it.' " The Supreme Court in Blanks, supra, pointed out that the defendant in that case invites the public to come through the entrance of the store, thereby impliedly representing it was safe for them to do so.

Mrs. Soto testified that she never received any warning of any nature and had at all times while present in appellee's store assumed that she had the right to rely upon a safe place to walk and shop for the merchandise that was offered for sale. She testified that she was not looking at the floor just prior to the time that she fell. She stated that she was pushing a grocery basket in front of her, using it to place her purchases in. The fact that the store patron, Mrs. Soto, was not looking at the floor at the time of the accident in question does not establish as a matter of law an improper lookout on her part. The self-service type of store operation required the customer to serve herself. The merchandise was designed to attract her attention to the displays. The scales were placed at a location which invited her use. A proper lookout under these situations from the standpoint of what was open and obvious, must be viewed in the light of the situation at hand, taking into account that which an ordinary prudent person would have done under the same or similar circumstances. Rackley v. Model Markets, Inc., supra; Sproles v. L. J. Sharp Hardware, Inc., 419 S.W.2d 680 (Tex.Civ.App.-Dallas 1967, n. r. e.) ; Scott v. T. G. & Y. Stores, supra; and Wampler v. Bill Sears Super Markets, supra.

We believe that the question of Mrs. Soto's failure to keep a proper lookout for her own safety and whether such failure was a proximate cause of her injuries must be determined by a jury upon remand of this cause.

The judgment of the trial court is reversed and the cause is remanded for trial.

Reversed and remanded.

GREEN, Chief Justice (concurring).

The applicable rules governing summary judgments for the defendant in "slip and fall" cases are set forth in Scott v. T. G. & Y. Stores, Tex.Civ.App., 433 S.W.2d 790, wr. ref. n. r. e. as follows:

" * * * In order to be entitled to summary judgment pursuant to this motion the defendant had the negative burden of showing that plaintiffs had no cause of action against it. Kelty v. Travelers Ins. Co., Tex.Civ.App., 391 S.W.2d 558, ref., n. r. e. ; McGee v. Phillips Petroleum Co., Tex.Civ.App., 373 S.W.2d 773, ref., n. r. e. ; Seale v. Muse, Tex.Civ. App., 352 S.W.2d 534, ref., n. r. e. That is to say, in this case, before it would be entitled to summary judgment on its motion, the defendant has the burden

of showing that its employees did *not* put the liquid on the floor, that its employees did *not* know that the substance was on the floor and that the substance had *not* been on the floor for such a length of time and under such circumstances that a person of ordinary prudence in the exercise of ordinary care would have discovered and removed it. * * * "

As held in *Scott,* the summary judgment evidence must exclude as a matter of law all of the three alternative routes that the plaintiff could have followed in raising a fact question as to defendant's negligence. Appellee did not satisfy by summary judgment evidence these requirements as to the substance on the floor. Neither did it establish contributory negligence of plaintiff as a matter of law.

I concur in the order reversing and remanding the trial court's judgment.

SHARPE, Justice (concurring).

I concur in the judgment of this Court which reverses the summary judgment of the trial court in favor of defendant-appellee and remands the case for trial. I agree with the statements contained in the separate opinion of Chief Justice GREEN.