**Audrey HUDSON et ux., Appellants,**

v.

**BUDDIE'S SUPER MARKETS, INC.,
Appellee.**

**No. 17355.**

Court of Civil Appeals of Texas,
Fort Worth.

Dec. 1, 1972.

Parnass, Clement & Cline, and Larry S. Parnass and Michael Greenberg, Irving, for appellants.

Cantey, Hanger, Gooch, Cravens & Munn, and Richard L. Griffith, Fort Worth, for appellee.

OPINION

BREWSTER, Justice.

This is a slip and fall case, the plaintiffs, Mr. and Mrs. Hudson, having alleged that Mrs. Hudson stepped into a small spot of water on the floor of defendant's store while she was shopping for groceries and that she was thereby caused to fall and hurt herself. She alleged that her fall was proximately caused by the negligence of the employees of the defendant, Buddie's Super Markets, Inc.

The defendant pleaded a general denial, several special denials, the volenti doctrine, that the alleged dangerous condition was so open and obvious that defendant owed no duty to warn the plaintiff of its existence, contributory negligence in several respects and unavoidable accident.

After depositions were taken the defendant filed a motion for summary judgment alleging that it was entitled to summary judgment as a matter of law on each and all and several of the following ten grounds:

1. As a matter of law the volenti non fit injuria doctrine precludes plaintiff from recovering.

2. As a matter of law the "no duty" doctrine precludes plaintiff from recovering.

3. As a matter of law there was no foreign substance on defendant's floor at time in question.

4. As a matter of law there is no evidence that a foreign substance was placed on the floor by defendant or by any of its agents acting in its behalf.

5. As a matter of law there is no evidence that the foreign substance was known to be on the floor by defendant's agents on the occasion in question.

6. As a matter of law the foreign substance had not been on the floor for so long that it should have been discovered and removed by defendant's agents in exercise of ordinary care.

7. As a matter of law plaintiff was negligent in failing to keep a proper lookout for her own safety and this was a proximate cause of her injuries.

8. As a matter of law the floor of the store was so patently open and obvious that an ordinarily prudent person in exercise of ordinary care would have seen, observed and had knowledge of and appreciated the danger of walking without looking.

9. As a matter of law the floor of the store was so open and obvious that the plaintiff is charged in law with knowledge and appreciation of the risk of walking upon same without looking where she was going.

10. As a matter of law plaintiff's failure to look and ascertain where she was walking was the sole proximate cause of her injuries.

The trial court granted defendant's motion for summary judgment. And plaintiffs here appeal from that ruling.

The summary judgment being appealed from recited as follows:

" . . . it . . . appearing that the motion of Defendant was accompanied with . . . pleadings, affidavits, depositions . . . and the Court . . . does find that the pleadings and the evidence show and reflect an absence of any genuine issue of material fact, and . . . *that Defendant's Motion for Summary Judgment should be granted upon each and every ground stated in said motion*; it is therefore . . . ORDERED, . . . that the Plaintiffs

. . . recover nothing . . . from the Defendant . . . *for the reason that there is no genuine issue of material fact . . . and the Court does hereby grant the . . . Motion for Summary Judgment on each and every ground stated within such motion. . . .* " (Emphasis ours.)

On this appeal the plaintiffs urge only one point of error, it being: "The Court erred in granting defendant's motion for summary judgment because the pleadings, depositions and affidavits on file herein failed to conclusively establish as a matter of law that appellants have no cause of action against appellee."

The statement, argument and authorities set out in the plaintiffs' brief under this point argue that in order for defendant to have been entitled to a summary judgment in a slip and fall case such as this it had the *negative burden of showing that* plaintiffs had no cause of action against it. There particular contention is and the particular point they make in their statement, argument and authorities is that defendant had to show, in order to be entitled to have a *summary judgment granted in its favor* at the summary judgment hearing, conclusively that (1) defendant's employees did not put the liquid on the floor, and (2) that the defendant's employees did not know that the liquid was on the floor, and (3) that the liquid had not been upon the floor for such a length of time and under such circumstances that a person of ordinary prudence in the exercise of ordinary care would have discovered and removed it.

Plaintiffs argue in their brief that because the evidence at the summary judgment hearing did not conclusively establish the three matters just referred to as a matter of law that the trial court erred in granting the summary judgment appealed from. This is the only matter that they urge and argue in their appellants' brief.

Plaintiffs cite the following three cases in support of their contentions: Scott v. T.

G. & Y. Stores, 433 S.W.2d 790 (Houston, Tex.Civ.App., 14th Dist., 1968, ref., n. r. e.); Soto v. Biel Grocery Company, 462 S.W.2d 89 (Corpus Christi, Tex.Civ.App., 1970, no writ hist.); and Wampler v. Bill Sears Super Markets, 452 S.W.2d 526 (El Paso, Tex.Civ.App., 1970, ref., n. r. e.).

■ The point urged by plaintiffs is a general one and is of a scatter-barrelled nature. Our courts have held that a point of this type does not comply with Rule 418, Texas Rules of Civil Procedure, requiring that a point, to be sufficient, direct the attention of the court to the error relied upon as grounds for reversal. A point of this nature is so general as to encompass any and every error that could possibly have been committed by a trial court during the trial or hearing and therefore actually means nothing. See McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643 (1957); Texas Reserve L. Ins. Co. v. Texas Rehabilitation Ctr., 332 S.W.2d 403 (San Antonio, Tex.Civ.App., 1960, no writ hist.); Jones v. Hunt Oil Company, 456 S.W.2d 506 (Dallas, Tex.Civ.App., 1970, ref., n. r. e.); and Carswell v. Southwestern Bell Telephone Co., 449 S.W.2d 805 (Houston, Tex.Civ.App., 1st Dist., 1969, no writ hist.).

■ However, it is now settled that even if the point urged is too general to comply with Rule 418, T.R.C.P., if the statement, argument and authorities under the point do point out the *particular things* that are claimed to constitute reversible error, the appellate court will consider them. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478 (1943).

■ When a general point such as the one urged here is being considered by an appellate court, the scope of the point of error and of the matter being presented for appellate review by such general point will be determined from an examination of the statement, argument and authorities that appellant urges in his brief in connection with that point. Fambrough v. Wag-

ley, supra; Bowen v. East Texas Hospital Foundation, 400 S.W.2d 843 (Tyler, Tex. Civ.App., 1966, ref., n. r. e.); Flock v. Kelso, 366 S.W.2d 698 (Amarillo, Tex.Civ. App., 1963, no writ hist.); Great Atlantic & Pacific Tea Co. v. Athens Lodge No. 165, 207 S.W.2d 217 (Fort Worth, Tex. Civ.App., 1947, ref., n. r. e.); Musick v. Pogue, 330 S.W.2d 696 (San Antonio, Tex.Civ.App., 1959, ref., n. r. e.); and Tindall v. Tacconelly, 328 S.W.2d 909 (San Antonio, Tex.Civ.App., 1959, ref., n. r. e.).

■■ And where the point of error is itself a general one, it is only those particular grounds of error that are pointed out in the statement, argument and authorities under such point that are presented to the appellate court for review under that general point of error. Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931 (1956); Tindall v. Tacconelly, supra; Bowen v. East Texas Hospital Foundation, supra; and Saldana v. Garcia, 155 Tex. 242, 285 S.W.2d 197 (1955). It is the particular error that must be pointed out rather than the error in general. See Sanders v. Dunlap, 401 S. W.2d 367 (Beaumont, Tex.Civ.App., 1966, ref., n. r. e.).

■ Those particular points of error that could have been pointed out and argued in the statement, argument and authorities under an appellant's general point of error that are not in fact there pointed out and briefed are waived. Bowen v. East Texas Hospital Foundation, supra, and cases therein cited.

When the foregoing rules are applied here the only "particular reversible error" that the plaintiffs in their brief contend was committed by the trial court is that the trial court erred in sustaining defendant's motion for summary judgment because the defendant did not conclusively show at the summary judgment hearing that (1) defendant's employees did not put the liquid on the floor, and (2) that the defendant's

employees did not know that the liquid was on the floor, and (3) that the liquid had not been on the floor for such a length of time and under such circumstances that a person of ordinary prudence in the exercise of ordinary care would have discovered and removed it.

As stated, the trial court granted the summary judgment on each of the ten separate and independent grounds listed above that were set out in the motion.

■ With the record in this state we must affirm the judgment being appealed from because the plaintiffs (appellants here) failed to assign as error and to brief the court's ruling in granting the summary judgment upon each of the ten independent grounds upon which the judgment recited that it was based. LeJeune v. Gulf States Utilities Company, 410 S.W.2d 44 (Beaumont, Tex.Civ.App., 1966, ref., n. r. e.); Malooly Brothers, Inc. v. Napier, 452 S. W.2d 504 (El Paso, Tex.Civ.App., 1970, affirmed in Tex., 461 S.W.2d 119).

We recognize that this could have been accomplished by the single general point of error which the plaintiffs urge here if they had gone further and in their statement and argument under the general point particularly attacked the court's action in granting the summary judgment on each of the ten grounds upon which the judgment was based. See Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119 (Tex.Sup., 1970).

But an examination of the appellants' brief shows that appellants in no way claim that the court erred in granting the judgment as to several of the independent grounds on which it was based. Several of the independent grounds on which the judgment was granted are not even mentioned in that brief.

■ If the summary judgment was properly granted upon any one of the ten grounds relied upon by the trial court, then any error in basing the ruling on any one or more of the other nine grounds that it was

**148**

based on is immaterial because it would be harmless.

For example, if the evidence at the summary judgment hearing showed that Mrs. Hudson was guilty of contributory negligence as a matter of law, that proximately caused her injuries, as was held by the trial court in this case, then the claimed error argued in their brief by the Hudsons would be wholly immaterial. If such was error it would be harmless because a recovery by plaintiffs would be defeated anyway by Mrs. Hudson's contributory negligence.

The same would be true, if, as was held by the trial court, the evidence at the summary judgment hearing was such that as a matter of law the "no duty" doctrine precluded a recovery by the plaintiffs.

Appellants in no way attack the trial court's ruling as to the contributory negligence feature of the case nor do they attack his ruling to the effect that the "no duty" doctrine precludes them from recovering. And this same situation exists as to several of the other grounds upon which the summary judgment was based.

The following is from the opinion in the case of City of Deer Park v. State, 154 Tex. 174, 275 S.W.2d 77 (1954) at page 84: "Where a court of civil appeals' judgment may rest upon more than one ruling made by it the party aggrieved by the judgment must assign error to each such ruling or risk having the judgment affirmed on the ruling to which no error has been assigned. In such situations it is said that the petitioner has waived his right to complain of the ruling to which no error is assigned."

The same holding is made in the cases of State Farm Mutual Automobile Ins. Co. v. Cowley, 468 S.W.2d 353 (Tex.Sup., 1971) and Life Ins. Co. of No. Am. v. First Nat. Bank of Ft. Worth, 464 S.W.2d 362 (Tex.Sup., 1971). In the latter case the court said the following at page 364 of the opinion: "We say again, as in the last cited case, that the policy of this court of liberal interpretation of points of error to protect litigants from appellate pitfalls cannot be carried to the extent of supplying a point of error on a controlling ruling of a court of civil appeals which has been accepted without complaint. Such is the case here."

These three cases last cited above support our holding here.

The judgment is affirmed.