Edward E. MACARUSO, Appellant,

v.

REPUBLIC NATIONAL BANK, Trustee for TI Employees Universal Profit Sharing Trust, Appellee.

No. 5584.

Court of Civil Appeals of Texas, Waco.

Nov. 4, 1976.

Rehearing Denied Nov. 24, 1976.

Craig Penfold, Dallas, for appellant.

David R. McAtee, R. Clarke Heidrick, Jr., Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

OPINION

JAMES, Justice.

This is a summary judgment case. The trial court granted a summary judgment in

favor of Defendant-Appellee Republic National Bank, Trustee for TI Employees Universal Profit Sharing Trust (hereinafter called "the Trust") by holding that Plaintiff-Appellant Edward E. Macaruso take nothing, from which Macaruso appeals. We reverse and remand.

Macaruso brought this suit against the Trust for actual and exemplary damages for conversion of 61 shares of stock. He alleged that he had been employed by Texas Instruments, Incorporated, for some 14 years, to wit, beginning September 19, 1960, and terminating December 15, 1974; that during his employment he participated in a profit sharing plan with his employer whereby he accumulated 149 shares of stock in Texas Instruments, Inc. plus $200.44 in money at the time of his retirement; that at the time of his retirement the stock was worth $64.75 per share. He further alleged that the Trust wrongfully issued to his former wife, Marian Macaruso, 61 shares of his said stock plus $19.75 cash, "contrary and in violation of the terms of the TI Employees Universal Sharing Trust _ _ _ _ _ as well as Defendant's contractual obligations to Plaintiff." He further alleged that since the date of the alleged conversion of December 15, 1974, the stock has risen in value to 104⅛ as of April 25, 1975; that "Defendant and its agents were duly notified that Plaintiff did not consent to the issuance of 61 shares of his Texas Instruments, Inc. stock and $19.75 of his money to Marian Macaruso. Nonetheless, Defendant proceeded to and did issue to Marian Macaruso some 61 shares of stock and $19.75 in cash contrary and in violation of the terms of the contractual relationship between Plaintiff and Defendant." For all of this Plaintiff sued for actual and exemplary damages.

Republic National Bank, as Trustee for the Trust, filed a motion for summary judgment, alleging that the consent divorce decree (hereinafter described) between Macaruso and his former wife, Marian Macaruso, "operated to divest the Plaintiff of all right, title, and interest in the shares and money paid by the Defendant to his former wife, Marian Macaruso." The Defendant, for summary judgment proof, relied upon: (1) Plaintiff's Original Petition, (2) Defendant's Original Answer, and (3) a certified copy of the Macaruso Divorce Decree.

The divorce decree in question is dated June 24, 1974, and contains the following recitations:

"It is, therefore, ordered that the community property owned by the parties shall be divided as follows:

"1. The home of the parties _ _ _ _ _ will be sold. Upon the sale of said home, the Respondent (wife) will receive one half (½) of the equity value of the home. Upon the sale of the home, the Respondent will also receive twenty five (25%) per cent of the value of Petitioner's profit sharing account at Texas Instruments in the amount of Four Thousand ($4000.00) Dollars *to be paid by the husband* from his one half (½) of the equity when the home is sold." (emphasis supplied).

"2. Twenty five (25%) per cent of the Petitioner's (husband's) profit sharing account at Texas Instruments in the amount of Four Thousand ($4000.00) Dollars *or* thirty seven (37) shares, *whichever is the greater,* will be paid to the Respondent (wife) at such time as the profit sharing account is payable to the Petitioner by the company rules on profit sharing." (emphasis supplied).

According to Plaintiff's Original Petition, which has been adopted by the Defendant and made a part of its summary judgment proof, the stock was worth the amount of $64.75 per share on December 15, 1974, same being the time it was payable to Plaintiff. Thirty-seven shares then were worth at that time $2395.75, an amount less than $4000.00. According to the above-quoted language of the divorce decree, it appears that Mrs. Macaruso was entitled to $4000.00 since 37 shares were worth only $2395.75, a sum less than $4000.00.

What the Trust actually did on December 15, 1974, was to issue to Mrs. Macaruso 61 shares of Plaintiff's stock plus $19.75, which

at that time was worth in the aggregate $3969.50 or $30.50 short of $4000.00.

■ Plaintiff-Appellant Macaruso asserts error in entering the summary judgment against him because the summary judgment proof failed to establish as a matter of law that the divorce decree divested Plaintiff-Appellant of sixty-one shares of stock and $19.75 cash. We sustain this point of error and accordingly reverse and remand the cause for trial on the merits.

At the outset, let us say that the divorce decree is ambiguous because it is not clear in paragraph 2 hereinabove quoted as to whether this $4000.00 (*or* 37 shares) is to be paid *by the husband* to Mrs. Macaruso in the same manner as the $4000 was recited to be paid as provided in paragraph 1, or whether such $4000 (*or* 37 shares) was contemplated to be paid directly by the Trust to Mrs. Macaruso. In other words, does paragraph 2 operate so as to *divest* Plaintiff-Appellant of his title and interest in the shares and money (as Defendant-Appellee says) or does paragraph 2 create a *personal debt* as against Plaintiff-Appellant in favor of Mrs. Macaruso in the amount of $4000.00, payable as of the termination of Plaintiff's employment (as Plaintiff-Appellant contends)?

If paragraph 2 of the divorce decree operated to divest Plaintiff of $4000.00 worth of stock, as the Trust contends, then Plaintiff-Appellant has no cause of action against the Trust for conversion, and the summary judgment is proper. On the other hand, if paragraph 2 created a personal debt against Mr. Macaruso in favor of Mrs. Macaruso for $4000.00 (since 37 shares were worth less than $4000.00), then Plaintiff had the right and option to pay his former wife $4000.00 in money and keep his stock, as he says he would have done, in which event the Trust converted 61 shares of Plaintiff's stock. In his affidavit controverting Defendant's motion for summary judgment, Plaintiff says: "It was our agreement that I would have the option of paying my wife $4000.00 *or* 37 shares of stock. I fully intended to pay Marian Macaruso the $4000.00 as per our agreement." There is nothing in the

agreed judgment which refutes or precludes such an agreement between Plaintiff and his former wife.

What we have here is a material fact issue presented as to whether Mr. and Mrs. Macaruso agreed at the time the consent divorce decree was entered that he would have the option of paying her $4000.00 or 37 shares of stock, which ever was the greater at the time of his employment termination.

■ In the event of ambiguity in an instrument, as here, which can be resolved only by reference to extrinsic evidence, summary judgment is improper. See *Chapa v. Benavides Mill and Gin Co.* (San Antonio Tex.Civ.App.1967), 420 S.W.2d 464, NRE; *Robert v. E. C. Milstead Ranching, Inc.* (Beaumont Tex.Civ.App.1971), 469 S.W.2d 429, NRE; *Martin v. First State Bank, Memphis, Texas* (Amarillo Tex.Civ. App.1973), 490 S.W.2d 208, no writ.

■ A summary judgment should be granted, and if granted should be affirmed, only if there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 166–A, Texas Rules of Civil Procedure; *Harrington v. Young Men's Christian Assn. of Houston* (Tex.1970), 452 S.W.2d 423.

In the case at bar, Defendant-Appellee has failed to meet its burden, and summary judgment is improper. We accordingly reverse the cause and remand same for trial on the merits.

REVERSED AND REMANDED.

HALL, Justice, concurring.

I agree with the majority that the summary judgment must be reversed and the cause remanded, but for a different reason.

The summary judgment is based upon the construction of the divorce decree as providing for payment to Mrs. Macaruso of 37 shares of the profit sharing account or of whatever number of shares is *of the value of $4,000.* This construction is erroneous. It is

not supported by the record. The divorce decree is not ambiguous. It explicitly provides (in the pertinent particulars) for payment to Mrs. Macaruso of $4,000 in money or 37 shares of the profit sharing account, whichever is the greater. It does not authorize nor support the delivery of 61 shares to Mrs. Macaruso by Texas Instruments.