William T. Little, McLeod, Alexander, Powel & Apffel, Galveston, for appellee.

Steven J. BLACKWELL, Appellant,

v.

ALLSTATE INSURANCE COMPANY, Appellee.

No. 2362cv.

Court of Appeals of Texas, Corpus Christi.

Aug. 26, 1982.

Rehearing Denied Oct. 14, 1982.

Before BISSETT, UTTER and KENNEDY, JJ.

OPINION

UTTER, Justice.

This is an appeal from a summary judgment. Steven J. Blackwell, the appellant, filed this action to recover damages under an insurance policy issued by Allstate Insurance Company, the appellee. The trial court granted Allstate's motion for summary judgment, and this appeal followed.

On April 3, 1980, Blackwell was driving his automobile when an engine belt broke, rendering the vehicle inoperable. A tow-truck was summoned, and the car was towed approximately twelve miles to a repair facility. Blackwell later learned that the tow-truck driver had improperly towed his car, causing extensive damage to its transmission.

At the time of the damage to the transmission, Blackwell was the insured in a comprehensive automobile insurance policy issued by Allstate. Under coverage "H" of this policy, Allstate was obligated "to pay for loss caused other than by collision to the owned automobile or a non-owned automobile." Blackwell submitted a claim under coverage "H", seeking compensation only for the damage to his car's transmission. Allstate refused to pay the claim, relying on the following policy exclusion:

"This policy does not apply under Part 4:

\*   \*   \*   \*   \*   \*

(e) to damage which is due and confined to ... mechanical or electrical breakdown or failure...."

Blackwell then instituted this suit.

In its motion for summary judgment, Allstate contended that the damage to the transmission was not within the coverage of the policy. Additionally, Allstate contended that the towing services, which caused the damage, constituted a mechanical failure within the above-quoted guidelines. The only summary judgment evidence on file at the time of the hearing on Allstate's motion was Blackwell's answers to interrogatories. At the conclusion of the hearing, Allstate's motion for summary judgment was granted.

A summary judgment should be granted only if the movant establishes that there is no material fact issue and that he is entitled to judgment as a matter of law. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). On appeal, a summary judgment should be affirmed *only if* the summary judgment record establishes the movant's right thereto as a matter of law. *Gonzales County Savings & Loan Assoc. v. Freeman,* 534 S.W.2d 903, 905 (Tex.1976); *Harrington v. Y.M.C.A. of Houston,* 452 S.W.2d 423, 424 (Tex.1970).

In this case, it is undisputed that the damage which was the subject of Blackwell's claim was not caused by a collision. Thus, Allstate is liable for the claim under coverage "H" *unless* Allstate has established as a matter of law that the above-quoted exclusion applies.

The summary judgment evidence established that the damage to the transmission was caused by the tow-truck driver's improper towing of the car. Although, in this instance, the towing was necessitated by a mechanical breakdown, the damage to the transmission was caused by the *conduct* of a third party. It was not "due and confined to" a mechanical failure. We, therefore, hold that Allstate failed to meet its burden of establishing that it was entitled to judgment as a matter of law. Blackwell's sole point of error is sustained.

The judgment of the trial court is reversed, and the cause is remanded for trial.

REVERSED AND REMANDED.