FITZGIBBONS et ux. v. GALVESTON ELECTRIC CO.

(Court of Civil Appeals of Texas.   April 21, 1911.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS IN STATEMENTS ACCOMPANYING ASSIGNMENTS.

Where a statement of facts, following an assignment of error in failing to instruct, did not set out that a charge was requested and refused, and did not refer to the page of the record where the evidence on which the request was based could be found it did not comply with rule 31 (67 S. W. xvi) requiring statements to contain references to the record explaining the proposition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. STREET RAILROADS (§ 73*)—REGULATION—MUNICIPAL ORDINANCES — "SUBSTANTIAL COMPLIANCE."

A "substantial compliance," which means a compliance with the essential requirements, is a sufficient compliance with a penal municipal ordinance requiring street railways to maintain fenders upon the front ends of cars.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 73.*

For other definitions, see Words and Phrases, vol. 7, p. 6738.]

3. STREET RAILROADS (§ 118*)—REGULATION—INSTRUCTIONS—INCONSISTENCY.

In an action against a street railway company, a charge that, if a certain life guard or fender was a substantial compliance with the ordinance requiring a life guard or fender to be fastened to the front end of the cars, the use of such an equipment would not be negligence, is not inconsistent with a special charge that, if the car was not equipped with a fender or life guard as required by the ordinance, and if the failure to comply with the ordinance was the direct cause of the death of plaintiffs' son, the verdict should be for them.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 118.*]

4. APPEAL AND ERROR (§ 742*)—PRESENTATION OF GROUNDS OF REVIEW IN THE COURT BELOW—EXCEPTIONS—NECESSITY.

Where the statement accompanying an assignment of error complaining of the exclusion of testimony fails to show that an exception was reserved, the assignment will not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

5. STREET RAILROADS (§ 113*) — OPERATION — EVIDENCE—ADMISSIBILITY.

In an action against a street railway company, plaintiffs alleged that defendant was negligent in failing to have the car equipped with a fender or life guard as required by ordinance. The undisputed evidence showed that the car was equipped with a certain kind of life guard, and evidence tending to show that another sort of a life guard would have prevented the accident was offered and excluded; but it did not tend to show that the life guard used was not a substantial compliance with the ordinance. Held, that the exclusion was proper.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 113.*]

6. TRIAL (§ 296*)—INSTRUCTIONS—CURE.

In an action against a street railway for death of a minor, the error, in a charge referring to contributory negligence, that negligence was the failure to use that degree of care a prudent and ordinary person would exercise under the same circumstances, and that whether an act or omission is or is not negligence depends upon all the circumstances, was cured by a special charge that, in considering whether deceased acted with ordinary care and prudence, he was charged with exercising the amount of care ordinarily possessed by children of his age and discretion, and no more.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–718; Dec. Dig. § 296.*]

Error from District Court, Galveston County; Lewis Fisher, Judge.

Action by Patsy Fitzgibbons and wife against the Galveston Electric Company. From a judgment for defendant, plaintiffs bring error. Affirmed.

Marsene Johnson, George G. Clough, Aubrey Fuller, and K. C. Barkley, for plaintiffs in error. Terry, Cavin & Mills, for defendant in error.

McMEANS, J. Patsy Fitzgibbons and wife brought this suit against the Galveston Electric Company, which operates a street railway in the city of Galveston, for damages growing out of the death of their son, Wilbur, a boy 9½ years old, caused by being run over by one of its street cars at a street crossing. The allegations of negligence, omitting those that were abandoned upon the trial in the court below, consisted of the following: That the employés of defendant operating the car did not have the car under proper control; that the operatives were incompetent and inexperienced; that the car was being operated by them at a rate of speed prohibited by an ordinance of the city of Galveston; that the car was not provided with fenders as required by another ordinance; that the employés in charge of the car negligently failed to give signals or warning of the car's approach; and that although they saw the boy, or, by the use of ordinary care, could have seen him, in time to stop the car, they failed to stop it. The defendant answered by general denial and by special plea of contributory negligence on the part of the boy in going onto the track in front of the car and by further special plea

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

of contributory negligence on the part of the boy's mother in permitting him to go upon the street unattended. The case was tried before a jury and resulted in a verdict and judgment for the defendant, from which plaintiffs have prosecuted this appeal.

[1] The first assignment of error complains that the court erred in failing to instruct the jury that the defendant was negligent in failing to equip its car with a life guard or fender as required by the city ordinance. The proposition subjoined the assignment is: "Failure to comply with a city ordinance requiring fenders was negligence per se."

We think that the statement following this proposition is wholly insufficient, and that we are not, for that reason, authorized to consider the assignment. It is not shown that any such charge was requested and refused, nor is the ordinance set out or its requirements stated, nor is there any reference to the page of the record where it may be found. The only evidence referred to is that of two witnesses who describe the kind of life guard with which the car was equipped, and there is nothing in the statement to show that this life guard was not such an one as the ordinance required to be used. Rule 31 (67 S. W. xvi) provides that the statements subjoined to propositions shall contain, in substance, such proceedings, or part thereof, contained in record as will be necessary and sufficient to explain and support the proposition with reference to the pages of the record. Manifestly the statement does not comply with the rule, and the assignment will not, therefore, be considered.

[2] The court at the instance of defendant charged the jury as follows: "If you believe from the evidence that the car was provided with a life guard or a fender consisting of a wooden plank or bar fastened across underneath the car and in front of the wheels at the front end of the truck of the car, and that such placing of said life guard or fender was a substantial compliance with the requirements of the ordinance of the city of Galveston that a life guard fender should be fastened to the front end of the car, then you are instructed that such equipment and arrangement would not be negligence on the part of defendant."

Plaintiffs contend, by their first proposition that the above charge is within itself contradictory and meaningless. This contention is without merit and is overruled. They contend by their second proposition that the giving of the charge was error because there can be no substantial compliance with an ordinance providing a criminal penalty.

Assuming that what is meant is that the failure to comply with such an ordinance literally and exactly is a failure in toto, we think the contention cannot be sustained. By "substantial compliance" is meant the compliance with the essential requirements, whether of a contract or of a civil or criminal statute. Bouvier defines the word "substance" as that which is essential, and that it is used in opposition to form; and in State v. Burgdoerfer, 107 Mo. 1, 17 S. W. 649, 14 L. R. A. 846, it is held that, when an indictment is adjudged insufficient in substance, it is because it lacks something essential to make a legal charge of crime. See Linch v. Paris, etc., Co., 80 Tex. 37, 15 S. W. 208; Jennings v. Willer, 32 S. W. 27.

[3] By their third proposition they contend that the special charge referred to above is in conflict with the following portion of the court's main charge: "And if you further believe from the evidence that at the time of said collision the said car was not equipped with a fender or life guard as provided for by the terms of the ordinance hereinbefore referred to, and if you further believe from the evidence that the failure of defendant company to comply with the said ordinance, if you have found from the evidence that said ordinance was not complied with, was the direct and proximate cause of the death of plaintiffs' son, then you will return a verdict for plaintiffs," etc.

Plaintiffs in error have not attempted to point out the conflict between the two charges, and no conflict is apparent to us. The assignment is overruled.

[4] The third, fourth, fifth, and sixth assignments complain of the refusal of the court to admit in evidence, over the objection of defendant, the testimony of the witnesses Belles, Lincoln, Hall, and Devoti as to the "operation, construction, use, and effect in saving life and limb of fenders on street cars." The ruling of the court in rejecting the testimony of the three witnesses first named was preserved by bills of exceptions; but it does not appear, in the statement following the assignment, that any exception was reserved to the exclusion of the testimony of Devoti, and the assignment relating to the exclusion of his testimony will not be considered.

[5] The testimony sought to be elicited from the witness Belles was that the kind of fenders that he was familiar with were those that are attached to the front end of a car, protruding beyond and extending upwards, and that such fenders were quite efficient in saving life and limb, and by the testimony of this witness, and the witnesses of Lincoln and Hall, proof was attempted to be made of specific instances where lives had been saved and injuries avoided by the use of fenders on cars. The purpose for which this testimony was offered, as stated by plaintiffs in error in their bills of exception, was to prove that fenders in front of a street car "could save a person's life and could save a person from bodily injuries." The testimony was objected to on the ground that it was immaterial, irrelevant, and not warranted by the pleadings, and we think these objections were well taken, and that the court did not err in re-

jecting it. The allegations of plaintiffs' petition setting up negligence of defendant in failing to have the car equipped with a fender or life guard is as follows: "And plaintiffs further allege that the ordinances of the city of Galveston as ordained and published by the board of city commissioners of said city, on the day and date above quoted, provide, according to chapter 3, art. 457, of said ordinances in words and figures as follows, to wit: 'That it shall be unlawful for any person to operate a street car within the limits of the city of Galveston unless such car shall be provided with life guards or fenders on the front end of such car, and for each violation hereof, the offender shall be fined the sum of ten dollars.' And plaintiffs allege that on said day and date the defendant was operating said street car within the city limits of the city of Galveston, and that said car was not provided with life guards or fenders on the front end of said car, in violation of the law above quoted; and plaintiffs further allege, that, if said car had been equipped in accordance with the provisions of the above law, the son of plaintiffs would not have been killed by said street car, and that defendant was guilty of gross negligence for violating said law * * * at said time."

The undisputed testimony shows that the car in question had a life guard fastened to the front part of the truck in front of the wheels. The witness described this apparatus as follows: "That life guard was made of yellow pine about six inches in width and two inches thick fastened to the front part of the truck and extending clear across in front of the front wheels, being about eight feet back from the front end of the platform and about two feet from the wheels."

We do not think the pleadings raised the issue of negligence on the part of appellee in failing to equip its car with a proper life guard, but only charge negligence in failing to comply with the city ordinance requiring all street cars operated in the city to be equipped with a life guard. The undisputed evidence shows that appellee's car which caused the death of appellant's son was equipped with a life guard, and the rejected testimony did not tend to show that the ordinance of the city required a different kind of life guard, and that the life guard used by appellee was not a substantial compliance with the ordinance. We think, therefore, that the testimony offered was not admissible under the pleadings, and the court did not err in rejecting it upon the objections made. The assignments are overruled.

[6] The court at the instance of defendant gave to the jury the following special charge defining "negligence": " 'Negligence,' as that term is used in the instruction given you, means the failure to use and exercise that degree of care and prudence that a person of ordinary care and prudence would use or exercise under the same or similar circumstances, and in determining whether an act or omission is or is not negligence you will take into consideration all the facts, conditions, and circumstances existing at the time, and will not view the situation from a retrospective standpoint."

It is complained in the eighth assignment that this charge was erroneous because it held the boy Wilbur Fitzgibbons to the same degree of care that is required of an adult.

What error there may have been in the charge, standing alone, was cured by the following special charge given to the jury at the request of the plaintiffs, viz.: "In considering the question as to whether Wilbur Fitzgibbons was guilty of contributory negligence, you will look to and consider the age of the boy Wilbur Fitzgibbons at the time he was struck by the car of the Galveston Electric Company, if he was struck, and whether he acted with ordinary care and prudence; and in considering whether he acted with ordinary care and prudence, or not, you are instructed that he was charged with exercising the amount of care and prudence ordinarily possessed by children of his age and discretion and no more."

There is no merit in the contention presented by the second proposition under this assignment that the special charge complained of is in conflict with portions of the charge in chief. The assignment is overruled.

The ninth, tenth, eleventh, twelfth, and thirteenth assignments complain of the charge of the court and special charges given at the instance of defendant; the main ground of attack being that the same degree of care was imposed thereby upon the boy as is imposed by law upon adults.

Our disposal of this question in answering the eighth assignment sufficiently disposes of these in so far as this ground of attack is concerned. Reasons urged in other propositions under these assignments to show that the charge and special charges were erroneous are without merit. The assignments are overruled.

Another assignment of error numbered 13, and appearing upon pages 35 and 36 of appellants' brief, will not be considered for want of a proper and sufficient statement. So, also, with the fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, and twentieth assignments, all of which are overruled.

We have carefully examined all of the assignments urged by plaintiffs in error which have been properly presented and are of the opinion that none of them is well taken and that the record is free from reversible errors. The judgment of the court below is affirmed.

Affirmed.