**Stewart MARSHALL and Maxine Marshall, Appellants,**

v.

**Israel GARCIA and Dalia Garcia, Appellees.**

No. 865.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 29, 1974.

Rehearing Denied Oct. 4, 1974.

Second Motion for Rehearing Denied Oct. 24, 1974.

 

Kelley, Looney, Alexander & Hiester, Edinburg, for appellants.

Rankin, Kern & Martinez, McAllen, for appellees.

OPINION

NYE, Chief Justice.

This is a suit for termination of an executory contract for the sale of land. Prior to trial, both parties filed affidavits and motions for summary judgment pursuant to Rule 166–A, Texas Rules of Civil Procedure. After a hearing on defendants' motion, the trial court judge entered a summary judgment in favor of the defendants, the Garcias, reciting that plaintiffs, the Marshalls, take nothing in their suit. From this judgment, plaintiffs have perfected this appeal.

In December of 1969, Mr. and Mrs. Israel Garcia, entered into a contract for the purchase of property, with improvements, from the owners, Mr. and Mrs. Stewart Marshall. The purchase price was $800.00 per acre payable in installments of $2,000 per year which was due every December 15th. An initial down payment of $3,000 was required. It was further agreed that the Garcias would pay all taxes and assessments, with the provision that termination would result if the taxes were not paid. Finally, the contract provided that the Garcias could take possession of the property but that the sellers were not obligated to furnish a Warranty Deed until the price was paid in full.

The Garcias moved onto the property, occupied it as their home, and began making payments under the contract. The payment, due December 15th, 1970, was apparently late because there appears a letter, dated January 4, 1971, attached to "Plaintiff's Answer to Motion for Summary Judgment" which complains of late payment and sets January 15th as the deadline for making same. Two other letters also appear after the plaintiffs' affidavit. One, dated June 7, 1972, complains that the down payment was never received from the Garcias. Finally, in the last letter dated January 12, 1973, the Marshalls informed the Garcias that the contract was cancelled and that they would resume pos-

session because of the default in the payments. Thereafter, plaintiffs filed suit in trespass to try title to the realty in question, to declare the agreement terminated because of the default of the contract by the defendants, and to have defendants' rights under the contract terminated by the contract's own terms because of defendants' failure to pay the taxes and assessments. The defendants then moved for a summary judgment based solely on the fact that:

". . . the DEFENDANTS, ISRAEL GARCIA and DALIA GARCIA, the moving party, were not given a written notice of PLAINTIFFS' intentions to enforce a forfeiture of DEFENDANTS interest . . ."

The defendants argued in their motion that they were entitled to a summary judgment since the statutory notice requirements for a forfeiture under Article 1301b, Vernon's Ann.Tex.Civ.St. had not been complied with. The trial court agreed and entered summary judgment in favor of the defendants.

 In reviewing a summary judgment proceeding, we are guided by the familiar rule that the judgment should only be granted if there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 166–A, T.R.C.P. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970). The burden to come forward with summary judgment proof that no fact issue exists is on the movant. Harrington v. Young Men's Christian Ass'n. of Houston, 452 S.W.2d 423 (Tex. Sup.1970). Defendants' motion, affidavit and arguments are all directed toward the notice requirements of 1301b. Therefore, we must determine whether this disposes of every cause of action in plaintiffs' petition.

Article 1301b provides:

"Section 1. A forfeiture of the interest and the acceleration of the indebtedness of a purchaser in default under an executory contract for conveyance of real property used or to be used as the purchaser's residence may be enforced only after notice of seller's intentions to enforce the forfeiture and acceleration has been given to the purchaser and only after the expiration of the periods provided below:

\* \* \* \* \* \*

(d) Notice must be by mail or other writing. If by mail, it must be registered or certified and shall be considered given at the time mailed . . .

(e) Such notice shall conspicuously set out; shall be printed in 10 point bold face type or upper case typewritten letters; and shall include the following:

### NOTICE

YOU ARE LATE IN MAKING YOUR PAYMENT UNDER THE CONTRACT TO BUY YOUR HOME. UNLESS YOU MAKE THE PAYMENT BY (date) THE SELLER HAS THE RIGHT TO TAKE POSSESSION OF YOUR HOME AND TO KEEP ALL PAYMENTS YOU HAVE MADE TO DATE."

None of plaintiffs' letters in the record comply with the above statute. The parties stipulated that these letters were the only notices given. Nevertheless, the plaintiffs in point of error number one attempt to avoid Article 1301b by asserting that their cause of action is not one of forfeiture and, therefore, the statutory notices are not applicable. To properly consider this contention, we must closely examine the plaintiffs' petition which was on file when the summary judgment hearing was had.

The first and second paragraphs of the petition describe the land involved; they claim title in the plaintiffs; they claim unlawful entry and possession by the defendants; and they conclude with a prayer for title, possession and damages. The next

paragraph in their petition begins with these words:

"Pleading herein *in the alternative,* and in the event that Plaintiffs could not be entitled to recover on the basis of the foregoing, . . ." (Emphasis added.)

The petition then sets up the contract and asserts that the agreement is no longer effective because of material breaches by the defendants. The breaches alleged are default in making payments and failure to pay taxes and assessments. This latter paragraph then states:

"In the opinion of Plaintiff, such default in payment of taxes and assessments constitute grounds for the termination of said purported Agreement, and for forfeiture of any and all moneys paid by Defendants under the terms of such purported Agreement . . ."

The last paragraph in the petition contains the prayer which includes the following: that the agreement should be declared terminated; that the defendants have no right, title or interest in the premises; that plaintiffs are entitled to a removal of cloud from plaintiffs' property; that plaintiffs are entitled to judgment for title and possession; for damages; and for general relief. It will be noted that the plaintiffs do not ask for forfeiture of money paid or acceleration of indebtedness in the paragraph, all envisioned in Article 1301b supra.

There is no question but that plaintiffs' petition states three separate and distinct causes of action in the alternative, any one of which could be pursued independently. The petition asserts:

(1.) A trespass to try title action in which the plaintiffs assert the unlawful entry and possession by the defendants on plaintiffs' land; or in the alternative,

(2.) Lawful entry and possession of the lands of the plaintiffs under a contract but praying the court to declare the agreement terminated because of default; or in the alternative,

(3.) The lawful entry and possession by the defendants under a contract which has terminated by its own terms because of failure to pay taxes and assessments.

The alternative type of pleading is permissible under our Rules of Civil Procedure. Even if one alternative count does not state a cause of action, it does not affect the other which sufficiently sets up an independent cause of action. Rule 48, T.R.C.P. Atkinson v. Thompson, 311 S.W. 2d 250 (Tex.Civ.App.—Houston 1958, writ ref'd n. r. e.). Rule 166-A, Subsection (d) clearly authorizes the trial court to grant summary judgment as to parties or issues not in controversy. The trial court should, if possible, enter a severance of that phase of the case. A summary judgment which does not dispose of all parties and all issues in a pending suit is interlocutory in nature. Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, 159 Tex. 550, 324 S.W.2d 200 (1959). Our Supreme Court in a later case stated:

"Even when all issues involved in an independent and severable cause of action are determined thereby, the order is not appealable unless a severance is granted by the trial court. (citation omitted). On the other hand, a judgment which effectively disposes of a severed and severable phase of the case is final for the purposes of an appeal."

Pierce v. Reynolds, 160 Tex. 198, 329 S. W.2d 76, 77 (1959). There was no severance in the case before us. In fact, it is apparent from the take-nothing judgment that the trial court judge did not view the plaintiffs' petition as presenting several alternative causes of action. With the record before us in its present state, we believe that the summary judgment entered was interlocutory in nature and, in the absence of a severance, was unappealable.

Considering, however, that we do have jurisdiction to determine this appeal, the summary judgment was improper in any event. Article 1301b, by its own terms ap-

plies to enforcement of forfeitures and acceleration of the indebtedness of purchasers in default. The burden of the defendants, as movants in this case, was to come forward with summary judgment proof which establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements in each of the plaintiffs' causes of action. Gibbs v. General Motors, supra. This would apply to each independent cause of action including those separated by "in the alternative". The non-movant has no burden in response to a summary judgment motion unless the movant has conclusively established his defense to each and every cause of action. See Torres v. Western Casualty and Surety Company, 457 S.W.2d 50 (Tex.Sup.1970).

In the case before us, the defendants' summary judgment proof conclusively establishes that the notice requirements of 1301b were not met. This clearly addresses itself only to forfeiture. However, this proof (of lack of notice) does not dispose of those alternately pleaded causes of action in trespass to try title or rescission.

▇ Article 1301b by its express terms limits its application to forfeiture and acceleration of indebtedness. The statute neither expressly nor by implication purports to cover actions for cancellation and rescission of executory contracts for the sale of property. It is stated in 59 Tex. Jur.2d, Section 519 (Vendor and Purchaser), at page 64:

"Rescission and forfeiture are similar remedies, in that either one terminates the contract. Nevertheless, they are clearly distinguishable. The vendor's purpose in resorting to rescission is to abrogate the contract and restore the parties, so far as may be, to the positions they respectively occupied before the contract was made. But a forfeiture is the assertion of a right granted by the contract and is declared pursuant to the contract.

The remedy of rescission is also wholly distinct from and independent of a foreclosure of the vendor's lien."

See also Grindstaff v. Mather, 186 S.W.2d 364 (Tex.Civ.App.—Amarillo 1945, writ ref'd w. o. m.) and Richard v. Combest, 208 S.W.2d 392 (Tex.Civ.App.—Beaumont 1947, writ ref'd n. r. e.).

▇▇ A summary judgment is proper only if plaintiffs could not succeed on any of the theories pleaded by them for recovery. There was no summary judgment proof that plaintiffs could not recover under either of their other alternatives stated therein. Gunnels v. Atcheson, 288 S.W.2d 878, 882 (Tex.Civ.App.—Amarillo 1956, no writ). Stated differently, the summary judgment proof offered by the defendants, was tailored specifically to bring the case within Article 1301b. It did not show conclusively that there is no theory in fact or law by which it appears the plaintiffs could make a case to go to the jury. See Pattison v. Highway Insurance Underwriters, 292 S.W.2d 694, 696 (Tex.Civ.App.—Galveston 1956, writ ref'd n. r. e.).

Accordingly, the summary judgment in favor of the defendants is reversed and the cause is remanded.

Reversed and remanded.

### OPINION ON MOTION FOR REHEARING

▇ Appellees in their motion for rehearing state that "the Court is certainly correct in holding that if one alternative count does not state a cause of action, it does not affect the other which *sufficiently* sets up an independent cause of action." Appellees argue that the plaintiffs' petition did not sufficiently set up any cause of action except one for forfeiture and in any event, the petition did not put appellees on fair notice of any cause of action except that for forfeiture.

The plaintiffs' (appellees') petition reads in part as follows:

"That on the day and year last aforesaid Defendants unlawfully entered upon the

premises and unlawfully withhold from Plaintiffs possession thereof, to their damage in the sum of Forty Thousand ($40,000.00) Dollars.

## II.

That the reasonable annual rental of said land is Five Hundred ($500.00) Dollars.

. . . that Plaintiffs have judgment for title and possession of said above described premises, and that writ of restitution issue, and for their rents, damages and costs of suit . . ."

This is language which asserts a trespass to try title action. It is clear to us that the appellees, themselves, recognized that this was a cause of action in trespass because in their answer they plead "not guilty"—artful words often used in an answer to a suit in trespass to try title.

We have carefully considered appellees' motion for rehearing and the same is overruled.

Overruled.