Earl J. WENTWORTH, Appellant,

v.

Albert MEDELLIN et ux., Appellees.

No. 15446.

Court of Civil Appeals of Texas, San Antonio.

Oct. 29, 1975.

Jeffrey Wentworth, San Antonio, for appellant.

Marvin Miller, San Antonio, for appellees.

KLINGEMAN, Justice.

Defendant, Earl J. Wentworth, appeals from a declaratory judgment that an executory contract of sale between plaintiff, Albert Medellin and wife, Rosie S. Medellin, dated November 5, 1971,[1] is in full force and effect, ordering defendant to accept all payments of principal and interest due under said contract in accordance with its terms and provisions, and declaring that said contract is in force and effect because defendant did not follow the provisions of Article 1301b, Tex.Rev.Civ.Stat.Ann. (Supp. 1975), in attempting to cancel said contract.

Defendant contends that the trial court erred in granting plaintiffs' petition for declaratory judgment based on the applicability of Article 1301b, *supra*, to the facts in this case.

The applicable part of Article 1301b, *supra*, provides:

1. The contract here involved covers a lot in the Von Ormy Heights Subdivision in Bexar County, Texas, and provides for a purchase price of $3,000.00, payable by plaintiffs to defendant in deferred monthly payments. Such contract provides that, if the payments are not made when due or are more than 30 days delinquent, seller may, at his option,

"Section 1. A forfeiture of the interest and the acceleration of the indebtedness of a purchaser in default under an executory contract for conveyance of real property used or to be used as the purchaser's residence may be enforced only after notice of seller's intentions to enforce the forfeiture and acceleration has been given to the purchaser and only after the expiration of the periods provided below: . . .

(b) When the purchaser has paid 10% but less than 20% of the purchase price, 30 days from the date notice is given.

. . .

(d) Notice must be by mail or other writing. If by mail, it must be registered or certified and shall be considered given at the time mailed to his residence or place of business, and notification by other writing shall be considered given at the time delivered to the purchaser at his residence or place of business.

(e) Such notice shall be conspicuously set out; shall be printed in 10 point bold face type or upper case typewritten letter; and shall include the following:

NOTICE

YOU ARE LATE IN MAKING YOUR PAYMENT UNDER THE CONTRACT TO BUY YOUR HOME. UNLESS YOU MAKE THE PAYMENT BY _(date)_ THE SELLER HAS THE RIGHT TO TAKE POSSESSION OF YOUR HOME AND TO KEEP ALL PAYMENTS YOU HAVE MADE TO DATE.

Sec. 2. A purchaser in default under an executory contract for the conveyance of real property used or to be used as the purchaser's residence, may at any time prior to expiration of the period provided

declare the entire purchase price due and payable, or may rescind such contract and take possession of the property and, in the event of a rescission, all payments made by the buyer shall be considered as rent for the property. It provides that, when the purchase price is fully paid, seller is to deliver a general warranty deed to the buyer.

for in Section 1, avoid the forfeiture of his interest and the acceleration of his indebtedness by complying with the terms of the contract up to the date of compliance notwithstanding any agreement to the contrary."

■ The basic question before us is whether the trial court erred in its application of Article 1301b, *supra*, to the contract in question. Defendant's appeal is founded upon three basic premises: (1) the property involved in the executory contract is not the home of the buyer but is unimproved real estate, and the statute is not applicable; (2) the statute, by its terms, is restricted to cases involving a forfeiture of interest and acceleration of indebtedness of a purchaser in default, and this case does not involve a forfeiture and acceleration of the indebtedness, but rather a rescission of the contract; and (3) if the statute is applicable, there has been substantial compliance with the terms and provisions of the statute.

The record discloses that, on November 5, 1971, plaintiffs and defendant entered into an executory contract for the sale and purchase of certain unimproved real estate in Bexar County with the agreed purchase price of $3,000.00 to be paid in monthly payments. Plaintiffs, at such time and continuously thereafter, have lived in a residence in San Antonio, Texas, rented from plaintiffs' parents. According to the contract, if the monthly payments are more than 30 days delinquent, defendant has the option to accelerate payments and declare the entire purchase price due, or to rescind the contract and take possession of the property. Plaintiffs, on a number of occasions, have been in arrears in payment of monthly payments, and, on several occasions, defendant has sent them notices of such delinquency. On September 18, 1973, defendant mailed plaintiffs a letter stating that they were several months delinquent in their payments and notified them of his intention to cancel the contract if plaintiffs were not current in 30 days. This letter was neither registered or certified but it is undisputed that plaintiffs received such letter. On October 29, 1973, more than 30 days after the letter above, defendant mailed a certified letter to plaintiffs, which was received by them, stating that, since the required delinquent payments had not been made, the contract was cancelled and revoked. At the time of such rescission, a little more than 10% but less than 20% of the purchase price had been paid by plaintiffs to defendant. On January 15, 1974, plaintiffs attempted to pay $211.14 on the delinquent monthly payments, but defendant refused to accept such payment or any payments thereafter. On February 14, 1974, defendant, by check, mailed to plaintiffs' attorney, returned all payments made under such contract. Plaintiffs testified that they planned to build a home on the land when Mr. Medellin retired. There is nothing in the record to show when Mr. Medellin planned to retire. This suit was filed by plaintiffs on September 25, 1974.

In support of his contention that the statute does not apply to unimproved property, defendant argues that a reading of the entire statute, particularly the notice provision therein,[2] shows that it was the legislature's intent to cover only real estate on which there was a presently existing residence or one in the process of construction; that the legislature would not have used the word "home" in the prescribed notice in the statute if it was their intention to cover unimproved property; that a logical and proper construction of the term "real estate used or to be used as a purchaser's residence" can only refer to real estate on which there is a residence which the purchaser is either using or intends to use in the future as his residence. Plaintiffs, on the other hand, argue that it covers any property which the purchaser has an inten-

---

**2.** "YOU ARE LATE IN MAKING YOUR PAYMENT UNDER THE CONTRACT TO BUY YOUR *HOME.* UNLESS YOU MAKE THE PAYMENT BY __(date)__ THE SELL-ER HAS THE RIGHT TO TAKE POSSESSION OF YOUR *HOME* AND TO KEEP ALL PAYMENTS YOU HAVE MADE TO DATE." (emphasis ours)

tion to use as a residence, present or future, irrespective of whether there is any residence on it or not.

This is not a case where the seller sought an acceleration of indebtedness. The executory contract here involved gave the seller two options after default: (a) to declare the entire purchase price due and payable, or (b) rescind the contract and take possession of the property. Defendant here elected to rescind the contract and take possession of the property. In a recent case, *Marshall v. Garcia*, 514 S.W.2d 513 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.), the court said: "Article 1301b by its express terms limits its application to forfeiture and acceleration of indebtedness. The statute neither expressly nor by implication purports to cover actions for cancellation and rescission of executory contracts for the sale of property."

■■ It is apparent that the trial court not only believed that Article 1301b, *supra*, was applicable to the facts of this case, but that also there must be strict compliance with all the terms and provisions of such statute. It cannot be argued that there has *been exact compliance with all its terms and provisions*. The statute provides that all letters must be either registered or certified. It is undisputed that the defendant's letter of September 18, 1973, was neither registered or certified, but it is also undisputed that such letter was received by plaintiffs. The statute provides that all notices must be in a prescribed form, in certain designated print, or typewritten case. The letters here involved were ordinary typewritten letters, but it is clear from the record that plaintiffs were in no way misled by the letters and, in actuality, the record discloses that plaintiffs, after receipt of the September 18th letter, talked with defendant about bringing the delinquent payments up to date. The exact verbiage of the notice is not used in defend-

ant's letter and nowhere in defendant's letter is the term "home" used. However, in our opinion, there has been substantial compliance with the terms and provisions of the statute. Plaintiffs were given 30 days notice, as provided by the statute, to make up the delinquent payments; the letters involved were received by plaintiffs and the letter of notice of intention to cancel the contract contains all the provisions necessary to put plaintiffs on notice that, if the delinquent payments were not made up within 30 days, defendant would cancel the contract. "Substantial compliance" means compliance with the essential requirements, whether of a contract or of a statute. See *Jennings v. Willer*, 32 S.W. 24 (Tex.Civ.App. 1895), *motion for rehearing overruled*, 32 S.W. 375 (Tex.Civ.App.—1895); *Fitzgibbons v. Galveston Electric Company*, 136 S.W. 1186 (Tex.Civ.App.1911, no writ).

In our opinion, the trial court improperly applied Article 1301b, *supra*, to the facts of this case. The trial court erred in granting plaintiffs the declaratory judgment here involved. The judgment is reversed and judgment here rendered that plaintiffs take nothing by their suit.

CADENA, Justice (concurring).

I concur in the result solely on the ground that this case does not involve an "acceleration," and that, therefore, Article 1301b, Tex.Rev.Civ.Stat.Ann. (Supp.1975), is inapplicable. I am unwilling to accept the conclusion that, assuming the statute to be applicable, defendant's actions constitute compliance, "substantial" or otherwise, with the statutory requirements.