In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00611-CV






JEFFREY JACKSON AND BRENDA JACKSON, Appellants


V.


RANGER DEVELOPMENT COMPANY, Appellee


****


RANGER DEVELOPMENT COMPANY, Appellant


V.


JEFFREY JACKSON AND BRENDA JACKSON, Appellees






On Appeal from the 155th District Court

Waller County, Texas

Trial Court Cause No. 00-08-15,496







O P I N I O N

 Ranger Development Company (Ranger) sued Jeffery and Brenda Jackson for
a declaratory judgment and trespass to try title. After a bench trial, the court rendered
judgment awarding Ranger $1,216.24 actual damages and $2,500 attorney's fees. 
Both parties appeal. We affirm.

Background

 On September 20, 1993, the Jacksons purchased a real estate lot from Ranger
by a contract for deed. The Jacksons installed a mobile home on the property, and
since then, have occupied it as their only home. 

 The contract provided that the Jacksons "obligate themselves to promptly pay
all taxes due and payable after the date of th[e] Contract and to keep paid each year
before same shall become delinquent." In April 2000, Ranger discovered that the
Jacksons had not paid ad valorem taxes on the property for calendar years 1998 and
1999. At that time, the Appraisal District had listed Ranger as the owner of the land. 
The Appraisal District had sent the personal property tax statement on the mobile
home to the Jacksons and the real property tax statement to Ranger. 

 On April 3, 2000, Ranger sent a written notice of the violation for the
delinquent real property taxes ("the Notice") to the Jacksons by certified mail. 
Ranger sued the Jacksons, seeking a declaratory judgment that the Jacksons had
defaulted in their performance of the terms of the contract for deed because they
failed to pay the ad valorem taxes, despite the Notice. Ranger sought a judicial
determination that the Jacksons breached the contract and forfeited their rights, thus
entitling Ranger to recover possession of the property. In the alternative, Ranger filed
a trespass to try title suit for recovery of possession of the real estate. In response, the
Jacksons argued that the Notice was defective because it did not provide adequate
time to respond and cure before Ranger filed suit. The trial court awarded Ranger
$1,216.24 actual damages (the amount necessary to pay the contractual obligations
current through the date of trial) and $2,500 attorney's fees. The trial court further
held that Ranger was not entitled to recover possession of the property. The Jacksons
and Ranger both appeal the judgment of the trial court.

The Jacksons' Appeal

 In three points of error, the Jacksons contend that the trial court erred in: (1)
finding that the Notice substantially complied with the Property Code; (2) awarding
Ranger's $2,500 attorney's fees; and (3) holding that the Jacksons' indebtedness to
Ranger was at the rate of 10% per annum. 

1. Property Code Section 5.061

 In their first point of error, the Jacksons contend that the trial court erred in
finding that the Notice substantially complied with the statutory requirements of
former section 5.061 of the Property Code, which provided:

 A seller may enforce the remedy of rescission or of forfeiture and
acceleration against a purchaser in default under an executory contract
for conveyance of real property used or to be used as the purchaser's
residence only if the seller notifies the purchaser of:


 (1) the seller's intent to enforce a remedy under this section; and

 (2) the expiration of the following periods:

 . . . .

 (C) if the purchaser has paid 20 percent or more of the purchase
price, 60 days after the date notice is given.

Former Tex. Prop. Code Ann. § 5.061. (1) When, as here, the property is used as the
buyer's residence, the seller must give the defaulting buyer this statutory notice
before the seller may enforce a forfeiture of the buyer's interest.

 The Jacksons contend that the Notice did not comply with former section 5.061
because Ranger did not give the required 60-day notice of default. We agree. The
Notice, which was dated April 3, 2000, stated as follows:

 You are not complying with the terms of the contract to buy your
property. Unless you take the action specified in this notice by May 31,
2000 the seller has the right to take possession of your property.

 The time frame stated in the Notice--April 3, 2000 to May 31, 2000--was less
than the full 60 days accorded by statute. In its brief on appeal, Ranger concedes, "In
any method of addition or calculation of these dates, the compliance period stated in
the [Notice] letter was either 56 or 57 days; which appears to be insufficient." 
Nonetheless, Ranger contends that the Jacksons did not take curative action to pay
the taxes within 60 days. Specifically, Ranger argues that it did not take "action"
against the Jacksons until July 11, 2000, when Ranger's counsel delivered a "Notice
to Vacate Premises," which gave notice to the Jacksons that their contract had been
forfeited and instructed them to vacate the premises. This action, according to
Ranger, gave the Jacksons 100 days to remedy the default, instead of 56 or 57. 

 Ranger further argues that it gave the Jacksons more than twice the statutorily
required 60-day notice to remedy the default because it did not file suit against the
Jacksons until August 3, 2000, which was 123 days after the Notice date. Over five
months later, on January 26, 2001, the Jacksons paid the last of the delinquent ad
valorem taxes. 

 In its findings of fact and conclusions of law, the trial court found that the
Notice "substantially complied with the Texas Property Code, Section 5.061,
requiring a 60 day notice of default prior to the filing of a lawsuit." (emphasis
added). Ranger asserts that, "although strict compliance with the statutory
requirements is recommended, substantial compliance may be deemed sufficient." 
In support, Ranger relies on Wentworth v. Medellin, 529 S.W.2d 125, 128 (Tex. Civ.
App.--San Antonio 1975, no writ). In Wentworth, the court held that the notice did
not comply with the statute because it was not registered or certified, and it did not
contain the prescribed form or certain designated print. However, the court held that
the notice "substantially complied" with the terms and provisions of the statute
because the buyers were given the required 30-day notice to pay the delinquent
payments; the notice was received by the buyers; and the notice contained all the
provisions necessary to put the buyers on notice that, if the delinquent payments were
not paid in 30 days, the seller would cancel the contract. Id. 

 In Wentworth, the buyers were given the statutorily required 30-day notice. In
contrast, the Jacksons in this case were not given the statutorily required 60-day
notice. Wentworth, therefore, is distinguishable. Moreover, we disagree with
Ranger's proposition that the 100 days before it took "action" is a substitute for the
60-day statutory notice requirement. We hold that the Notice did not comply with
former section 5.061 of the Property Code because it did not give the required 60-day
notice of default. 

 We sustain the Jacksons' first point of error. Accordingly, we do not address
the Jacksons' remaining arguments that the Notice did not inform the Jacksons how
to cure the alleged breach and did not mention what remedy Ranger intended to
enforce. 


2. Attorney's Fees

 In their second point of error, the Jacksons contend that the trial court erred in
awarding Ranger's $2,500 attorney's fees. 

 Under the Texas Declaratory Judgment Act, the trial court has discretion to
award reasonable, necessary, equitable, and just attorney's fees to any party or parties
to the declaratory judgment action. Tex. Civ. Prac. & Rem. Code Ann. § 37.009
(Vernon 1997). Ranger properly requested attorney's fees in its pleadings and proved
that the fees were reasonable and necessary. The trial court, therefore, did not err in
awarding attorney's fees.

 Moreover, because the Jacksons offered no argument or authority to support
this issue, there is nothing preserved for appellate review. See Tex. R. App. P. 38.1. We overrule the Jacksons' second point of error.

3. 10% Interest Rate

 In their third point of error, the Jacksons contend that the trial court erred in
holding that the Jacksons' indebtedness to Ranger was at the rate of 10% per annum. 

 The judgment and conclusions of law both state that postjudgment interest will
accrue at a rate of 10 per cent. The Jacksons did not object; therefore, this issue is
waived. See Tex. R. App. P. 33.1. Moreover, because the Jacksons offered no
argument or authority to support this issue, there is nothing preserved for appellate
review. See Tex. R. App. P. 38.1.

 Even if this issue had been preserved, the trial court did not err. When a
contract provides a specific interest rate, postjudgment interest is at a rate equal to the
lesser of: (1) the rate specified in the contract, which may be a variable rate; or (2)
18 percent a year. Tex. Fin. Code Ann. § 304.002 (Vernon Supp. 2002). When a
contract does not provide a specific interest rate, postjudgment interest is at a rate
most recently published by the Federal Reserve Board before the date of computation,
with a minimum rate of 10 per cent and a maximum rate of 20 per cent. (2)
 Tex. Fin.
Code Ann. § 304.003 (Vernon Supp. 2002). 

 The contract for deed provided for interest at the initial rate of 12 percent per
annum and late charges in the amount of $10 or 10 per cent of the monthly payment,
whichever is greater. In its appellate brief, Ranger stated that the contract is
"arguably ambiguous" about whether postjudgment interest would accrue at 12 or 10
per cent; therefore, "in an abundance of caution," it recommended 10 per cent to the
trial court. The trial court approved the rate of 10 percent, and Ranger does not
complain about the potentially lower rate. In the absence of any objection from the
Jacksons, the trial court did not err in assessing postjudgment interest at the rate of
10 per cent.

 We overrule the Jacksons' third point of error.

Ranger's Appeal

 In its sole point of error, Ranger contends that the trial court erred in holding
that Ranger was not entitled to forfeiture of the contract for deed; therefore, it was not
entitled to possession of the property. 

 As set forth above, we hold that the Notice did not comply with former section
5.061 of the Property Code because it failed to give the required 60-day notice of
default. Accordingly, Ranger was not entitled to forfeiture of the contract for deed,
nor was it entitled to possession of the property. 

 We overrule Ranger's sole point of error.



Conclusion

 We affirm the judgment of the trial court.




 Adele Hedges

 Justice


Panel consists of Justices Hedges, Keyes, and Duggan. (3) 

Do not publish. Tex. R. App. P. 47.
1. Amended by Acts 1995, 74th Leg., ch. 994, § 2, eff. Sept. 1, 1995. In
September 2001, this section was amended and renumbered to section 5.064.
2. The postjudgment interest rate is:


 (1) the auction rate quoted on a discount basis for 52-week treasury bills issued
by the United States government as most recently published by the Federal
Reserve Board before the date of computation;


 (2) 10 percent a year if the auction rate described by Subdivision (1) is less
than 10 percent; or


 (3) 20 percent a year if the auction rate described by Subdivision (1) is more
than 20 percent. 


Tex. Fin. Code Ann. § 304.003 (Vernon Supp. 2002). 

3. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.